Balfe *et al. v.* Johnson.

---

## BALFE ET AL. *v.* JOHNSON.

CITY.—*Street Assessment.—Affidavit.—Precept.*—An assessment for a street improvement should show the amount for which each lot or piece of land is liable; the affidavit for the precept should conform to it in this respect; and this should appear although the different lots or pieces of land belong to the same owner.

SAME.—*Amendment of Transcript on Appeal.*—Where an act required has been done, but the transcript of the proceedings before the common council fails to show this fact, an amendment of the transcript may be made in the common pleas court. But where the affidavit on which the precept has issued is defective, such affidavit cannot be amended on appeal, but the proceedings must commence again at the error committed.

APPEAL from the Tippecanoe Common Pleas.

DOWNEY, J.—This was an appeal from a precept issued for the collection of certain amounts assessed against the real estate of the appellee for street improvements, in pursuance of section 71 of the general law for the incorporation of cities. 3 Ind. Stat. 101. The appellants are the contractors

Balfe *et al. v.* Johnson.

who did the work. The transcript of the proceedings, papers, etc., before the common council, on appeal from the precept, constitute the complaint. The appellee demurred to this complaint, for the reason that it did not state facts sufficient to constitute a cause of action; the court sustained the demurrer, and the appellants asked and obtained leave to amend the complaint, which they did by filing a new final estimate and corrected assessment made by the city engineer, with an order of the city council adopting the same and making it the act of the council, and requiring the parties therein assessed to pay the amounts charged against them respectively to the appellants, as such contractors. The appellee then again demurred to the complaint in the same form, and his demurrer was again sustained. The appellants, having obtained leave again to amend the complaint, offered as such amendment the affidavit of *Feely*, one of the appellants, and one of the contractors, as an amendment to the affidavit filed with the city clerk, and upon which the precept was issued. This affidavit states the making of the contract, the doing of the work, the acceptance thereof by the common council, the making of the several estimates, that the appellee was the owner of certain real estate, particularly described in the affidavit, and also stating the amount assessed against each lot or piece of such real estate for each assessment and in the aggregate. The court refused to allow this affidavit to be filed as an amendment of the complaint. To all these rulings the appellants excepted. The appellants declining further to amend their complaint, final judgment was rendered against them on the demurrers, and they appealed to this court. In the assignment of errors, no complaint is made of the action of the court in sustaining the first demurrer, but it is alleged that the court erred in sustaining the second demurrer, and in rejecting the affidavit of *Feely* as an amendment to the complaint. We are not favored with a brief for the appellee.

We infer, from the fact that the assessment was amended

Balfe *et al. v.* Johnson.

afterward, that the first demurrer was sustained on account of some defect in the first assessment.

The second demurrer was sustained, we are informed by counsel for the appellants, on account of defects in the affidavit of the contractors upon which the precept was issued, and this may be inferred from the fact that the affidavit of Feely, which was rejected by the court, was in amendment of that affidavit.

The case presents a question of some importance in cases of this kind, and that is, to what extent and in what manner can the complaint or transcript be amended on appeal, when a demurrer thereto has been sustained? But the first question is, did the court commit an error in sustaining the second demurrer to the complaint? We think it did not. The first affidavit made by the contractors, to obtain the issuing of the precept, following the first assessment, did not show the amount assessed against each lot of the appellee. The assessment first made was held invalid for this reason, and a new one was made, approved by the city council, and made a part of the complaint, as an amendment thereof. That left the precept to rest upon an insufficient affidavit, it not stating the amount chargeable against each lot. We have come to the conclusion that the assessment should show the amount for which each lot or piece of land is liable; that the affidavit for the precept should conform to it, in this respect, and that this is necessary, although the different lots or pieces of land belong to the same owner. This, we think, may be gathered from sections seventy and seventy-one of the act. It is provided in the seventieth section that the estimates "shall be a lien upon the ground upon which they are assessed," etc. According to section seventy-one, the precept must set forth the description of the lot or land on which it, the assessment, is made, etc. The assessment was made in this case upon lots four, five, six, seven, eight, nine, and ten, in L. B. Stockton's Addition, and the preliminary and final estimates and the assessment were made in one gross sum against all the lots. It may be in the power

of the owner to pay the assessment upon one or more of the lots or pieces of land, and not upon all. If the assessment is made in one gross amount against all the lots, he could not do this, as the lien would cover all the lots, and all could be sold to discharge it. There may be other reasons in favor of a separate assessment against each lot.

Upon the other question, that is, the offer to file the affidavit of Feely in amendment of the affidavit required to be filed before the issuing of the precept, we think the court committed no error.

When an act was done in the progress of the proceeding, such, for instance, as the giving of a notice, and the transcript is defective in not setting it out, and for that reason a demurrer to it is sustained, we have no doubt the transcript might be amended in the common pleas in that respect by incorporating in some proper way the notice. In such a case the act has been done, but the evidence of it is not in the transcript. But in the case under consideration the affidavit was never filed in the form required by the statute. The filing of it in the common pleas cannot relate back to the time when it should have been filed and legalize that which was illegal before. We think in such a case the only course is for the party to go back in the history of the proceeding, and, at the proper point, correct that which was not done as required by the statute. According to this view, this court would have disapproved the action of the court in allowing the corrected assessment to be filed as an amendment, if the question had been presented.

The judgment is affirmed, with costs.

*J. R. Coffroth* and *T. B. Ward,* for appellants.

*W. C. Wilson,* for appellee.