## LAMMERS *v.* BALFE ET AL.

PRACTICE.—*Bill of Exceptions.—Motion to Dismiss.*—To present any question on a motion to dismiss an appeal from a precept issued for the collection of an assessment for a street improvement, it must be properly reserved by a bill of exceptions.

SAME.—*Motion for Judgment.*—To present any question on the refusal of a court to render judgment on the sustaining of a demurrer to the transcript, on such appeal, the record must show a request for such judgment, and an exception to the refusal of the court to render the same.

SAME.—*Amendment.*—Where the record does not show an objection to the filing of an amendment to a complaint, and the proper exception to the ruling thereon, no question as to the filing of the amendment is reserved for review.

CITY.—*Appeal from Precept.—Transcript.*—On an appeal from a precept issued for the collection of an assessment for a street improvement, if it appears from an amended transcript that the precept was issued on an imperfect final estimate, and that the perfected final estimate was filed after the appeal was taken, and after a demurrer was sustained to the original transcript, the amended complaint or transcript will be bad on demurrer.

Lammers *v.* Balfe *et al.*

SAME.—*Precept.*—*Common Council.*—The common council has no right to issue a precept on an improper assessment.

SAME.—*Correcting Final Estimate and Assessment.*—The making of a correct assessment, after a precept has issued on an incorrect one, cannot relate back so as to make the precept good and defeat an appeal from the precept.

SAME.—*Amendment of Transcript.*—Where an act has been properly done, and the transcript does not show such act, and for that reason a demurrer is sustained to the transcript, an amendment may be made to the transcript, showing that such act was done.

APPEAL from the Tippecanoe Common Pleas.

DOWNEY, J.—This was an appeal from a precept issued by the order of the city council of Lafayette, for the collection of a certain amount assessed against the property of the appellant in favor of the appellees, as contractors, for street improvements. A demurrer to the transcript, which by law constitutes the complaint, was sustained, and the cause was continued. At the next term of the court, an amendment to the transcript was made and filed, consisting of an amendment of the final estimate made by the city council. The defendant then again demurred to the complaint, and his demurrer was overruled. He excepted, and filed an answer consisting of four paragraphs. The first was a general denial. The second alleged that the defendant was the owner of a certain tract of land, describing it, and stated that it was the tract of land intended to be described in the plaintiffs' complaint, and therein alleged to border on the said improvement, and averred that the same did not border on said street at the time the contract for the improvement was entered into. The third alleged that the place where the work was done and the improvement made was not, at the time of making the contract, a street within the corporate limits of the city of Lafayette, and that the estimates were unjustifiable and illegal. The fourth stated that the work was not done according to contract.

Upon demurrers to the second, third, and fourth paragraphs of the answer, they were held sufficient. The plaintiffs replied by a general denial. There was a trial by the court, a finding for the plaintiffs, a motion made by the de-

fendant for a new trial overruled, and judgment for the plaintiffs.

The first alleged error is the refusal of the court to dismiss the appeal, on motion of the defendant, after the demurrer was sustained, and before the amendment.   There is no bill of exceptions reserving this point.   The clerk's entry shows that the motion was made, but the grounds of it are not shown.   The entry shows that the plaintiffs then filed an affidavit, which is not in the record, and then the court overruled the motion.   The point is not properly presented for our consideration.

The second alleged error is the refusal of the court to render judgment on the sustaining of the demurrer to the transcript.   There does not appear to have been any request for such judgment by the defendant, nor any objection or exception to the failure of the court to render the same.

The third alleged error is the allowing of the plaintiffs to file the amendment to the complaint, over the objection of the defendant.   The record does not show any objection to the filing of such amendment to the complaint.   The objection was not made, nor the question reserved in any way.

The fourth alleged error is the overruling of the demurrer to the complaint as amended.   The transcript, as amended, shows that the precept was issued on an imperfect final estimate, and that the perfected final estimate was filed after the appeal had been taken, and after the demurrer had been sustained to the transcript.   Is this a cause of demurrer to the transcript?   If so, then the demurrer should have been sustained.   If not, it was properly overruled.   We are of the opinion that the objection in this case is properly taken by demurrer, for the reason that it appears that there was no right in the council to issue the precept from which the appeal was taken.   In the case of *Balfe* v. *Johnson,* 40 Ind. 235, we attempted to show what amendments could, and what could not, be made on appeal from the precept.   A proper assessment is an essential basis on which to award the precept.   The making of an assessment after the issuing

of the precept cannot relate back so as to make the precept good, or to defeat the appeal. Where an act has been properly done, and the transcript does not show such act, and for that reason a demurrer is sustained to the transcript, an amendment may, no doubt, be made so as to make the transcript show that such act was done.

The judgment is reversed, with costs, and the cause remanded.

· . Pettit, C. J., having been of counsel for the appellant, was absent.

### On Petition for a Rehearing.

Downey, J.—In a petition for a rehearing filed in this case, it is insisted that in the amended and corrected assessment, filed as an amendment to the complaint, no change was made in the original assessment; and it is therefore claimed that the ruling of the court in the original opinion was not correct. Upon a careful examination and comparison of the two assessments, we find that counsel are mistaken in this. The amount of the assessment is the same in both assessments, but the description of the land is materially different, the description in the last assessment embracing much more land than that in the first assessment. It would not be easy to see the necessity for filing an amended assessment, if it made no change in the first assessment. But there is a material change.

The petition is overruled.

*W. C. L. Taylor* and *W. C. Wilson*, for appellant.
*J. R. Coffroth* and *T. B. Ward*, for appellees.