Filed June 9, 1892.

---

No. 939.

## Sands *v.* Hatfield.

Streets and Alleys.—*Improvement of.—Notice.—Jurisdiction.*—Upon the petition of more than two-thirds of the resident property-owners along the line of a street to be improved, the common council adopted an ordinance for the making of the improvement in question, by an affirmative vote of more than two-thirds of the members thereof. This was a substantial compliance with the statute, notice being duly given, and conferred jurisdiction on the city to make the assessment. And in such proceeding mere irregularities which may have occurred prior to the assessment will not render it void.

Same.—*Improvement.—Estimate and Report of City Engineer.—Power of Common Council to Alter or Amend.*—Where a city engineer has made an estimate and report of the benefits accruing to property by reason of the improvement of a street, and property which should have been assessed is omitted, upon such omission being pointed out, it is the duty of the common council to so alter and amend the estimate and report that it will include the omitted property.

From the Floyd Circuit Court.

*J. V. Kelso* and *C. D. Kelso,* for appellant.
*C. L. Jewett* and *H. E. Jewett,* for appellee.

Davis, J.—The appellant has not, in the preparation of the transcript of the record filed in this court, complied with rule 30. He has wholly failed to cause marginal notes to be placed on the transcript in their appro-

priate places, indicating the several parts of the pleadings in the cause, the orders of the court, and other matters in the record. Therefore, appellee insists that the appeal should be dismissed.

This contention might, with propriety, under the circumstances, be sustained, but we prefer, if we can, to overlook purely technical objections to the transcript of the character indicated, and to determine, so far as we may be able to ascertain what they are, in the imperfect condition of the record, the questions sought to be presented, on their merits.

The errors assigned are:

1. The complaint does not state facts sufficient to constitute a cause of action.

2. The court erred in overruling the demurrer to the complaint.

3. The court erred in its conclusions of law on the agreed statement of facts.

4. The court erred in overruling the motion for a new trial.

This was a proceeding to collect an assessment for street improvement, under the act of 1889, p. 237, and amendments thereto in 1891. Elliott's Supp., section 812, and Acts 1891, p. 323.

The objection urged to the complaint is that it does not aver that a resolution declaring a necessity for the proposed improvement, was adopted by the common council of the city of New Albany, in conformity with the provisions of section 813, Elliott's Supp.

The complaint alleges, however, that upon the petition of more than two-thirds of the resident property-owners along the line of the street to be improved, the common council adopted an ordinance for the making of the improvement in question, by the affirmative vote of more than two-thirds of the members thereof.

This was, in our opinion, a substantial compliance with the statute. Whether the order, if sufficient in terms, was by resolution or ordinance, is immaterial. *Merrill* v. *Abbott*, 62 Ind. 549.

It is true, in such proceedings, that the owner of private property which is about to be assessed for the cost of the construction of the improvement, must have notice.

The complaint shows that the notice required by section 7 of the original act, as amended by section 2 of the act of 1891, was duly given. The notice, as provided for in this section, gives the owner an opportunity to be heard in respect to the correctness of the charge against his property.

Pursuant to this notice, which, in our opinion, was sufficient under the statute on which the proceedings were predicated, appellant was given an opportunity for a hearing upon said estimate and report. On the facts alleged in the complaint, the notice, which was duly given in this case, constituted due process of law and conferred jurisdiction on the city, through its officers, to make the assessment. *Garvin* v. *Daussman*, 114 Ind. 429.

Mere irregularities, if any, which occurred prior thereto, would not render the assessment void. *Reeves* v. *Grottendick*, 131 Ind. 107.

The complaint states facts sufficient to withstand the demurrer. *McEneney* v. *Town of Sullivan*, 125 Ind. 407; *DePuy* v. *City of Wabash*, 133 Ind. 336, 32 N. E. Rep. 1016.

There is a radical difference between an agreed case and a case where there is simply an agreement as to the facts. Elliott's App. Proced., section 224.

On account of this difference, without extended discussion, it will suffice to say that no question is presented for our consideration by the third error assigned.

The only remaining question arises on the fourth, and last, error.

It is urged, in support of this assignment, that because appellant's property was not described in the original estimate and report of the city engineer, the assessment against him is void, and such property should not bear its proportion of the cost of the improvement. It is not claimed that appellant is assessed with an unjust proportion of the cost of the improvement. His contention is that because of the omission of his property in the original report of the engineer, he is under no obligation to pay any part of such costs.

Section 2 of the amendatory act, approved March 6, 1891, provides, in express terms, that the common council may "alter or amend" the estimate and report of the city engineer.

It is conceded to be true that appellant was not mentioned in the original report and estimate prepared by the city engineer, for the assessment or collection of the benefits accruing to property by reason of this improvement, but when the engineer's estimate was referred to the committee of the common council for hearing thereon, and due notice given to all property-owners interested in or affected by the improvement, as required by the statute, to appear and make any objection they might have to such estimate, and at such meeting, in pursuance of such notice, when it was pointed out that appellant's property had been omitted and was about to escape the payment of its proportion of the cost of the improvement, it was the duty of the common council to so alter and amend said estimate and report that it would include appellant's property, and to assess against his property the just and proportionate share of the costs of such improvement.

What advantage would there be in the right of the

property-owners to appear, if it was not for the fact that such alterations, amendments, and corrections should be then and there made, as would require each to pay his just and equal part of the cost of such improvement?

We recognize that such statutes are strictly construed, but, in the application of this rule, such construction should be reasonable, so as to give force and effect to the intent and spirit of the Legislature. The reason for the notice, and of the power conferred, as provided in this section, evidently was to give an opportunity to correct such omissions and mistakes, in order that the assessments should be made equal and fair upon the property of all the persons who received and enjoyed the benefit of the improvement. *Koons* v. *Cluggish*, 34 N. E. Rep. 651, and authorities there cited.

All this having been duly and properly done, notwithstanding there may have been some irregularities in the preliminary proceedings, we are not able to see, in the record as it comes to us, wherein appellant has any just grounds of complaint.

It appears to the court, from the examination we have made of the record, that the merits of the cause have been fairly tried and determined in the court below.

Judgment affirmed.

Filed June 23, 1893.