BECKER *v.* THE BALTIMORE AND OHIO SOUTHWESTERN RAILWAY COMPANY.

[No. 2,100.   Filed April 1, 1897.]

MUNICIPAL CORPORATIONS.— *Public Improvements.— Assessments.*— Assessments for street and other improvements are upheld upon the theory that each lot or tract of land is benefited in a special and peculiar manner in a sum equal to the amount estimated or assessed against it.   *p. 328.*

SAME.—*Street Improvements.—Joint Assessment Voidable.—Statute Construed.*—Under section 4293, Burns' R. S. 1894, an assessment for a street improvement which is made jointly against two or more separate and distinct tracts of land is voidable.   *p. 328.*

SAME.—*Street Improvements.— Assessment.— Sufficiency of Description.*—An assessment for street improvements which describes the real estate sought to be assessed as a "tract of land, north side, between Front street and O. and M. R. R.," is invalid because of the uncertainty and insufficiency of the description.   *p. 330.*

SAME.—*Street Improvements.—Invalid Assessment May be Amended.* —An erroneous or invalid assessment for street improvements may, upon proper application to the common council or board of trustees, be amended.   *pp. 332, 333.*

From the Jackson Circuit Court.   *Affirmed.*

*W. K. Marshall, D. A. Kochenour* and *Burrell & Branaman,* for appellant.

*McMullen & McMullen, E. W. Strong* and *O. H. Montgomery,* for appellee.

WILEY, J.—This was a proceeding by appellant against the appellee to foreclose and enforce a lien for street improvements.

Upon petition of the requisite number of property owners, the board of trustees of the town of Brownstown, in Jackson county, ordered the improvement of a certain part of Broadway street within the corporate limits of said town.   Such proceedings were had as

that the contract for said improvement was let, the work completed, and assessments made against all the property fronting or abutting on the part of the street so improved; and said assessments confirmed by the board of trustees.

The proceedings for said improvement were had under the act of 1889 and the amendments thereto, commonly known as the "Barrett Law." The person to whom the contract was let for said improvement, after partly performing the work, abandoned it, and his sureties completed it to the satisfaction and acceptance of the board of trustees. Bonds were issued to the sureties and the bonds upon which this action is based were assigned to appellant.

The assessment against the property of appellee as made and confirmed by the board of trustees, is as follows:

"Names of Owners—O. & M. R. W. Co.

No. of Lot—Tract of land north side between Front street and O. & M. R. R.

No. of feet front—130.

Rate per foot—1.92.

No. of Lot—Tract of land south of Broadway, between Front street and O. & M. R. R.

No. of feet front—130.

Rate per foot— 1.92.

Amount—$499.20."

In this connection it is proper to say that the complaint avers that after these assessments were made and confirmed, the Ohio & Mississippi Railway Company was consolidated with the Baltimore & Ohio Railway Company under the corporate name of The Baltimore & Ohio Southwestern Railway Company, and that said consolidated railway company succeeded to all the rights, property, etc., of the Ohio & Mississippi Railway Company.

The amended complaint is in three paragraphs and as they are each very lengthy it will subserve no good purpose to set them out in this opinion.

Each paragraph of the complaint avers in detail that the board of trustees in ordering said improvement complied with all of the provisions of the statute relating thereto, and each successive step taken by the board is specially set forth.

While it is essential to plead all the acts done by the municipal officers to show their authority, it is not required that there should be incorporated in the complaint, by reference or otherwise, any written instrument except the estimate or assessment. *Van Sickle* v. *Belknap,* 129 Ind. 558; *Dugger* v. *Hicks,* 11 Ind. App. 374.

In the case at bar, each paragraph of the complaint is accompanied by a copy of the assessment as an exhibit.

The trial court sustained a demurrer to each paragraph of the complaint, to which the appellant excepted; and he declining to plead over, judgment was rendered against him for costs.

The only question, therefore, raised by the assignment of error for our consideration is the action of the court below in sustaining the demurrer to each paragraph of the amended complaint. As the three several paragraphs of the amended complaint are substantially the same, they may all be considered together.

It is contended by counsel for appellee that the assessment made against the property is not valid and the lien cannot be enforced, for the reason, first, that the assessment described two tracts or parcels of land entirely separate and distinct, and the assessment is made in a gross sum jointly against both of them; and second, that the assessment is void because of the un-

certainty and insufficiency of the description of the real estate sought to be assessed. These two questions will be considered in their order.

1. Is the lien of the assessment invalid or voidable because made upon both parcels or tracts of appellee's lands jointly, and not against each of them separately?

The determination of this question depends upon the statute providing how assessments shall be made and the construction placed upon it by the courts.

Section 4293, Burns' R. S. 1894, provides that "when any such improvement has been made and completed * * * the board of trustees of such town, shall cause a final estimate of the total cost thereof to be made by the city or town engineer, * * * or the board of trustees of such town shall require said city or town engineer to report to the * * * board of trustees of such town the following facts touching said improvement: *First.* The total cost of said improvement. *Second.* The average cost per running foot of the whole length of that part of the street or alley so improved. *Third.* The name of each property owner on that part of the street or alley so improved. *Fourth.* The number of front feet owned by the respective property owners on that part of the said street so improved. *Fifth.* The amount of such costs for improvement due upon each lot or parcel of ground bordering upon said street or alley, which amount shall be ascertained and fixed by multiplying the average cost price per running front foot by the number of running front feet of the several lots or parcels of ground respectively. *Sixth.* The full description, together with the owner's name, of each lot or parcel of ground bordering on said street so improved."

It will be observed, and it seems manifest from the

fifth subdivision of the section above quoted, that the assessment for the cost of the improvement must be made upon each lot or parcel of ground separately. It is evident from this provision of the statute that it was the intention of the legislature that each lot or parcel of ground subject to assessment for a street improvement, should bear its separate and distinct burden of the assessment, as apportioned in the manner provided by the statute. In principle, this is the correct theory and is certainly the law.

Assessments for street, and other similar improvements are upheld upon the theory that each lot or tract of land assessed is benefited in a special and peculiar manner, in a sum equal to the amount estimated or assessed against it. Watson's Statutory Liens, section 1204; *City of New Albany* v. *Cook*, 29 Ind. 220; *Ross* v. *Stackhouse*, 114 Ind. 200; *Jackson* v. *Smith*, 120 Ind. 520; *Heick* v. *Voight*, 110 Ind. 279; *Lipes* v. *Hand*, 104 Ind. 503; *Chamberlain* v. *Cleveland*, 34 Ohio St. 551; *Stuart* v. *Palmer*, 74 N. Y. 183; *Hammett* v. *Philadelphia*, 65 Pa. St. 146.

While these cases do not hold that an assessment for a street improvement, made jointly against two or more distinct and separate lots or tracts of land is voidable or invalid, yet they establish, beyond question, the principle and rule of such assessments.

We are of the opinion that an assessment for a street improvement which is made jointly against two or more separate and distinct lots or tracts of land is, at least, voidable, and an assessment so made does not create any lien, and, therefore, cannot be enforced.

We are not without authority upon this proposition, for it is well grounded in principle and fully sustained by the authorities.

The case of *Balfe* v. *Johnson*, 40 Ind. 235, is directly in point. In that case the appellants were the con-

tractors for the improvement of a street in the city of Lafayette, and upon completion of the work, they brought an action upon a precept properly issued to collect the assessment against appellee's property. The assessment was made upon seven different lots specifically described, and the preliminary and final estimates were made in one gross sum against all of the lots. The court, speaking by Downey, J., said: "We have come to the conclusion that the assessment should show the amount for which each lot or piece of land is liable; that the affidavit for the precept should conform to it, in this respect, and that this is necessary, although the different lots or pieces of land belong to the same owner. This, we think, may be gathered from sections seventy and seventy-one of the act. It is provided in the seventieth section that the estimate 'shall be a lien upon the ground upon which they are assessed,' etc. According to section seventy-one, the precept must set forth the description of the lot or land on which it, the assessment, is made."

There is good reason why an assessment for a street improvement should be made upon each lot or tract of land separately, and upon this point we quote further from *Balfe* v. *Johnson, supra.* Continuing, the court says: "It may be in the power of the owner to pay the assessment upon one or more of the lots or pieces of land, and not upon all. If the assessment is made in one gross amount against all the lots, he could not do this, as the lien would cover all the lots, and all could be sold to discharge it."

It will be observed that the provision of section 71 of the act under which the proceedings were had in the case of *Balfe* v. *Johnson, supra,* is very similar to the provision of subdivision five of section 4293, of the act of 1889, above quoted.

In substance, they both require that the amount of

the cost of the improvement shall be determined and fixed upon each lot or parcel of ground bordering on the street so improved; and hence the case cited is directly in point here.

The doctrine announced in *Balfe* v. *Johnson, supra,* was referred to with approval in *Reeves* v. *Grottendick,* 131 Ind. 107.

It seems clear to us, therefore, that these cases and the principles underlying and upon which assessments of this character are upheld, are decisive of the question under consideration adversely to the appellant.

2. We will next consider, briefly, the second question raised, to-wit: that the assessment is invalid and erroneous because of the uncertainty and insufficiency of the description.

The description of the appellee's real estate, as it was set out in the assessment roll, already appears in this opinion.

The assessment should not be held void or invalid if it sufficiently identifies the land so that it might be found and located by a competent surveyor. We are unable, however, to see how it could be located or its correct description arrived at from the description given in the assessment, by any means known to the science of surveying.

"Tract of land, north side, between Front street and O. & M. R. R." does not describe any tract of land, nor does it furnish any data from which its true description might be ascertained. It does not fix any starting point; it gives no metes and bounds, and furnishes no means of identification.

The maxim, *"Certum est quod certum reddi potest,"* is not applicable here, for the reason that there is no means of making certain that which is so uncertain and indefinite. The rule only applies where there is some means, either by computation, measurement or

in such case as this the science of surveying, that what is uncertain may be made certain.

It has been held that the property assessed must be so described that a person acquainted with surveying could find and identify it. *Yeakle* v. *City of Lafayette*, 48 Ind. 116; *Peru, etc., R. R. Co.* v. *Hanna*, 68 Ind. 562.

It is evident, from the description of the property in the case at bar, that even an expert surveyor could not find and identify it.

The case of *Lake Erie, etc., R. W. Co.* v. *Walters*, 9 Ind. App. 684, is almost identical with the one under consideration. That was an action to recover upon an assessment against the right of way of the appellant for a street improvement. The averment in the complaint in the case just cited, respecting the property assessed, is as follows: "That among other lots, parcels of ground and property assessed for the improvement of said street and abutting thereon was the following described unplatted tract of land owned by the defendant, situate in said city, county, and state, to-wit: The right of way of defendant's railroad, and being a strip of ground 134 feet long, abutting on North Main street, between Broadway and North streets." The description of that part of the right of way upon which an attempt was made to fix and enforce a lien, and as it appears upon the assessment roll, and as confirmed by the board of trustees, is as follows:

| "Name of Owner. | No. of Lot. | Ft. Front. | Description of Lands. | Assessments. |
|---|---|---|---|---|
| L. E. & W. R. R. Co. | ............. | 134 | Right of Way. | $164.82" |

The court, speaking by Reinhard, J., said: "In the present case, the failure to describe the property in the complaint that it could be located or surveyed,

renders the complaint bad. Conceding that it is not necessary to give the width of the right of way, it is nevertheless essential to show, we think, at what point on the right of way the 134 foot strip assessed begins, and where it terminates. This is not indicated. Somewhere between Broadway and North streets, abutting on Main street, 134 feet in length of the appellant's right of way was assessed. This is the most that can be said of the description. * * * In short, no data are given whatever, by which the court may judicially determine where the 134 feet in length has its beginning and its termination. * * * * * * *

"* * It is, therefore, so defective that the complaint cannot be upheld on demurrer."

From the cases cited, and upon principle, we see no escape from the conclusion that the complaint in the case at bar is fatally defective, and that the court did not err in sustaining the demurrer to it.

We do not wish to be understood as holding that the assessment is absolutely void and the appellant without any remedy, for this would preclude an amendment, which the statute authorizes and the courts uphold.

When the final estimate is made, the council or board of trustees approve it and direct its payment, and this final estimate is called an assessment. *New Albany, etc., Coke Co.* v. *Crumbo,* 10 Ind. App. 360.

Watson on Statutory Liens, section 1224, says: "It may often happen that the final estimate or assessment is invalid or incorrect without any intentional wrong on the part of any one. If there could be no correction, there could be no recovery for the work."

It has been repeatedly held by both the Supreme and this court that the common council or board of trustees may correct a final estimate. *Balfe* v. *Johnson, supra; Ball* v. *Balfe,* 41 Ind. 221; *Sands* v. *Hat-*

*field,* 7 Ind. App. 357; *McGill* v. *Bruner,* 65 Ind. 421; *Goring* v. *McTaggart,* 92 Ind. 200.

Even where property liable for assessment has been wholly omitted from the assessment roll, it is in the power of the common council or board of trustees, so to alter and amend the final estimte and report that it will include the omitted property. *Sands* v. *Hatfield, supra.*

The amended seventh section of the act under which the improvements in the case at bar were made, requires that the common council or board of trustees shall approve and confirm the engineer's report, and in case it is incorrect to cause it to be amended and to make the assessment according to the report.

In an appeal from the precept, it has been held that where the estimate has been corrected by the common council, plaintiff may have the record so amended as to show that fact, but when it has not been corrected, the proceedings must fail until the proper officers make the requisite correction. *Balfe* v. *Johnson, supra.*

While the question of amending the final estimate or assessment has not been raised by counsel for appellant, we deem it proper, in the furtherance of justice and fair dealing, to make these observations upon the law relating thereto, as declared by the numerous decisions cited.

We are not holding or deciding that, upon an affirmance of the judgment below, the assessment can be amended so as to create a valid assessment and lien against appellee's property that may be enforced in a subsequent proceeding, for that question is not before us for our decision. We simply mean to say, that the great weight of authorities in this State, is, that an erroneous or invalid assessment for street improvement, may, upon proper application to the common council or board of trustees, be amended and cor-

rected. Whether or not the appellant in this case, by prosecuting his action to final and adverse judgment against him upon an invalid and erroneous assessment, has waived his right to have the assessment corrected, we do not decide.

We find no error, and the judgment is affirmed.