Hibben *v.* Smith.

## HIBBEN *v.* SMITH.

[No. 19,564. Filed January 9, 1902. Rehearing denied March 14, 1902.]

MUNICIPAL CORPORATIONS.—*Street Improvements.*—*Collateral Attack.*— Unless the proceeding in making a street improvement assessment is shown to be void it cannot be attacked in a collateral proceeding. *p. 209.*

SAME.—*Street Improvements.*—*Failure to Grant Hearing.*—*Collateral Attack.*—The fact that the board of trustees in making a street improvement assessment declined to award the property owner a hearing, or refused to receive and consider the facts or evidence offered for the purpose of rebutting the *prima facie* test or standard fixed by statute for the measurement, in the first instance, of benefits to the property, does not open the door to a collateral attack on its judgment. *p. 210.*

SAME.—*Street Improvements.*—*Assessments.*—*Collateral Attack.*—Construing §4290 and §4294 Burns 1894, together and it is manifest that the assessment levied by the board of trustees for the improvement of a street, together with the interest accruing after such assessment is made, becomes a lien, to the extent of a tax, from the date at which the improvement was ordered, hence, while an invalid assessment may be set aside, or its enforcement defeated, still the court, under its judgment, in so doing, would not be authorized thereby to impose or destroy the lien arising out of a subsequent re-assessment, and such lien would attach to the property as of the date when the improvement is made. *pp. 210, 211.*

From Marion Superior Court; *Vinson Carter,* Judge.

Action by William C. Smith against Sarah A. Hibben for the enforcement of a street improvement assessment. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*M. W. Hopkins, R. T. McFall* and *Merrill Moores,* for appellant.

*L. M. Harvey, W. A. Pickens, L. A. Cox* and *S. W. Kahn,* for appellee.

JORDAN, C. J.—This action was instituted by appellee in the lower court to enforce an assessment lien against certain lots of real estate owned by appellant and situated in the incorporated town of Irvington, Marion county, Indiana. The assessment in question is for the improvement of Washington street in said town. A demurrer by appellant to the complaint was overruled, and she filed an answer in five paragraphs, the first of which was a general denial, which was subsequently withdrawn. The fifth paragraph of her answer was addressed to so much of the complaint as sought to enforce the lien against certain unplatted land. Appellant also filed a cross-complaint in four paragraphs, whereby she sought to have the assessment in controversy declared illegal and void, and her title to the realty, as against the lien thereunder, quieted. The fifth paragraph of the cross-complaint was addressed only to the unplatted land. A demurrer to the second, third, and fourth paragraphs of the answer was sustained, and overruled as to the fifth paragraph. A demurrer to each paragraph of the cross-complaint was also sustained. Appellee dismissed so much of his complaint as sought to enforce the lien against the unplatted real estate. Having withdrawn her denial, appellant elected to stand by her answer and cross-complaint; and, on her refusal to plead further, the court rendered its judgment foreclosing the assessment lien, and decreed a sale of each of the lots in satisfaction of the lien thereon. From this judgment appellant appeals; and predicates her

errors on the court's ruling on the demurrers to the several pleadings, as previously mentioned.

The constitutionality of the street improvement statute known as the "Barrett law", under which the street was improved, is called in question and fully discussed by counsel for appellant. This litigation arises out of the same street improvement involved in the appeal of *Shank* v. *Smith,* 157 Ind. 401, and the questions in the main are the same as were presented and reviewed in that appeal and decided adversely to the contention of appellant. Upon the authority of that decision, her claim in this case in respect to the principal points upon which she relies for a reversal must be denied.

The validity of the "Barrett law" has been repeatedly sustained by this court, and must be considered as no longer an open question. *Leeds* v. *Defrees,* 157 Ind. 392. In the latter case, in speaking of the hearing which the statute accorded to property owners in regard to assessments made against their property, we said: "The statute in question, as shown, provides a tribunal for that purpose, and further provides that an aggrieved person shall have the right to appear before it and be accorded a hearing on his objections to the proposed assessment. The power to hear the complaint of the aggrieved owner carries with it such implied power as will make the hearing effectual; for the rule is well settled that when a general power is granted by a statute every necessary power for the effectual exercise thereof is given by implication. [Citing authorities.] Possessing such general power under the statute, the council certainly had the right upon a hearing to award adequate and effectual relief by ultimately apportioning the cost of the improvement to the several pieces of property according to the benefits resulting to each on account of the improvement. It is true that the statute provides what may be considered as *prima facie* evidence of the benefits received by abutting property, but such standard or evidence is not

conclusive, as the council has the right so to apportion the cost as to make it conform to the benefits derived."

In the case at bar no facts are disclosed by the record to establish that the action or proceedings of the board of trustees of the town of Irvington in making the improvement and assessment in controversy are void. It is fully disclosed that, under the law, the board had and retained complete jurisdiction over the subject-matter, and was invested with the authority and power to make the improvement; and by virtue of the steps taken and the notices given the board also acquired jurisdiction over the person of appellant, an abutting property owner, and thereby had the power and authority to subject her said property to an assessment of such benefits as were derived by it by virtue of the improvement in controversy. Possessing the power to hear and determine under the statute in regard to the amount that ought to be assessed against appellant's property as benefits derived by reason of the improvement, the fact that the board, through its misinterpretation of the law or otherwise, may have decided erroneously in regard to that question, will not suffice to expose its judgment to the collateral attack which appellant seeks, under her pleadings, to make; for the rule is well settled in such cases that, where a tribunal is invested with the power to decide in a matter, such authority carries with it, by necessary implication, the power to decide wrong as well as right. *Board, etc., v. Markle,* 46 Ind. 96.

So long as the board of trustees keeps within the limits of its jurisdiction, its decision or judgment in the premises must be held to be binding and conclusive on all persons concerned until set aside or annulled by some direct proceeding known to the law, based on reasons or grounds which the law recognizes as sufficient for that purpose. *City of Ft. Wayne* v. *Cody,* 43 Ind. 197; *Anderson* v. *Baker,* 98 Ind. 587; *Sunier* v. *Miller,* 105 Ind. 393; *Garvin* v. *Dauss-*

*man,* 114 Ind. 429, 5 Am. St. 637; *Motz* v. *City of Detroit,* 18 Mich. 494; *Harman* v. *Moore,* 112 Ind. 221, 227; *Adams School Tp.* v. *Irwin,* 150 Ind. 12; *Kirsch* v. *Braun,* 153 Ind. 247; Black on Judgments, §§290, 291.

The doctrine seems to be well settled that in order to render a judgment of a court or other tribunal invested with the power to decide in a matter void, so as to open such judgment to a collateral attack, an absence must be shown of either—first, a legal organization of the tribunal; or, second, jurisdiction over the subject-matter; or, third, jurisdiction over the person; or, fourth, one or more of these matters must appear to have been lost after it or they once existed. Van Fleet's Col. Att., §16.

It was the duty of the board to accord appellant, as a property owner affected by the assessment, a hearing as contemplated by the statute, and upon its refusal to do so the law afforded her an adequate remedy for coercing the board to grant her such right. *Shank* v. *Smith,* 157 Ind. 401. The fact that the board may have declined to award her a hearing, or refused to receive and consider the facts or evidence which she offered for the purpose of rebutting the *prima facie* test or standard which the statute provided for the measurement, in the first instance, of the benefits to her property would not open the door to a collateral assault on its judgment. The defense which appellant sought to make against the enforcement of the assessment and the relief which she sought to obtain under the facts alleged in the first, second, third, and fourth paragraphs of her cross-complaint were nothing more than a collateral attack on the judgment of the board. When §§3 and 7 of the Barrett law (§§4290, 4294 Burns 1894) are construed in connection with each other, it is manifest that the assessment levied by a board of trustees or by a common council of a city, as the case may be, for the improvements authorized by the statute, together with the interest accruing after such assessment is made, becomes a lien, to the extent of a tax

lien, from the time or date at which the improvement or work was ordered. The power and duty of the board of trustees or common council, as the case may be, under the statute, to make an assessment for such improvements continue in that tribunal until legally exercised. While it is true that a void assessment may be defeated or set aside and held for naught in a collateral action, still, under such circumstances, if the principal proceedings of the board upon which an assessment must rest are not also void, a valid re-assessment may be made, by which the objectionable matters or grounds which resulted in rendering the first assessment invalid may be avoided. Consequently, while an invalid assessment may be set aside, or its enforcement defeated, still the court, under its judgment, in so doing, would not be authorized thereby to impose or destroy the lien arising out of a subsequent re-assessment; and such lien, as previously stated, would attach to the property as of the date when the improvement in question was ordered to be made. *Balfe* v. *Johnson,* 40 Ind. 235; *Ball* v. *Balfe,* 41 Ind. 221; *Reeves* v. *Grottendick,* 131 Ind. 107; *Sands* v. *Hatfield,* 7 Ind. App. 357; *Becker* v. *Baltimore, etc., R. Co.,* 17 Ind. App. 324; Watson on Stat. Liens, §1224.

We have examined and fully considered all of the questions discussed by appellant's learned counsel, but discover nothing in the record to justify a reversal. The judgment is therefore affirmed. All concur, except Baker, J., not participating.