## The Cleveland, Cincinnati, Chicago and St. Louis Railway Company et al. *v.* The Edward C. Jones Company.

[No. 2,480. Filed April 28, 1898.]

Street Improvements.—*Assessment Liens.—Foreclosure.—Secondary Liens.—Municipal Corporations.*—In an action to foreclose assessment liens for street improvements in order to render lands liable therefor which do not abut on the street improved, as provided in section 4290, Burns' R. S. 1894, it must be shown that the municipality took the statutory steps necessary to fix a lien on such lands. *pp. 88-91.*

Same.—*Compliance with Statute.—Jurisdiction.—Municipal Corporations.*—The proceedings of a municipality in making street improvements will not be held void on account of failure to comply strictly with the statute, where the municipality has jurisdiction over the subject-matter and the persons to be affected; but where some act in its nature jurisdictional is required to be done as a condition precedent to imposing such burden, the failure of the municipality to do the act required renders the proceedings void. *p. 91.*

Same.—*Assessment Liens.—Foreclosure.—Complaint.*—It is not necessary in an action to foreclose an assessment lien for street improvements that the proceedings of the city council in making such improvements be set out at length in the complaint, but it is necessary to plead the acts done by the municipal officers, and such facts as show that they were rightfully done. *p. 92.*

Same.—*Assessment Liens.—Foreclosure.—Street Improvement Bonds.*—The rights of plaintiff in an action to foreclose a lien for street improvements based upon bonds issued for such improvements are no greater than those of the contractor who made the improvements, and any defense defendant would have had in an action by

the contractor, had he brought the suit, may be interposed in an action on the bonds. *p. 92.*

PLEADING.—*Complaint.—Omission of Material Averment.—Not Cured by Special Finding.*—Where a necessary and material averment is wholly omitted from a complaint, such defect cannot be cured by a special finding. *pp. 92, 93.*

From the Madison Superior Court. *Reversed.*

*C. E. Cowgill, Lovett & Ryan* and *Elliott & Elliott,* for appellants.

*W. F. Edwards* and *Bagot & Bagot,* for appellee.

ROBINSON, J.—This case was transferred to this court by the Supreme Court. The city of Alexandria improved a portion of one of its streets. Bonds were issued by the city, and sold for the purpose of raising money to pay the cost of such improvement. This action was brought by appellee, the holder of the bonds, to collect the assessments for the purpose of paying said bonds. The right of way of appellants' does not abut the improvement, but lies back of certain abutting lots, and within one hundred and fifty feet of the improvement. The lots and parcels of land abutting the improvement, and lying between the right of way and the improvement, were assessed, and the owners of these abutting lots and parcels of land, after the assessments were made, waived all defenses they may have had to such assessments and agreed to pay the same.

The trial court ordered a foreclosure of the liens against the abutting property owners, and also gave a personal judgment against those who had signed the waivers, and also gave judgment against appellants for any balance remaining unpaid of the assessment of the intervening abutting owner after such property had been sold and the owner pursued to insolvency. The railroad companies alone have appealed, and first question the sufficiency of the complaint.

The proceedings were had under the act of March 8, 1889, as amended in 1891, the same being section 4288, *et seq.*, Burns' R. S. 1894. Section 4290 provides that the cost of such improvement shall be estimated according to the whole length of the improved street, per running foot, and shall be apportioned among the lots, parts of lots and unplatted lands bordering on such street in the ratio of the front lines of such lots, parts of lots and unplatted lands to the whole improved line;"and in making the assessment against such owners for the improvement of such lots or parts of lots and unplatted lands the cost shall be assessed upon the ground fronting or immediately abutting on such improvement back to the distance of one hundred and fifty feet from such front line, and the city or incorporated town and the contractor shall have a lien thereon for the value of such improvement; provided, however, that where such land is subdivided or platted the land lying immediately upon and adjacent to the line of the improvement and extending back fifty feet shall be primarily liable to and for the whole cost of the improvement, and, should that prove insufficient to pay such cost, then the second parcel and other parcels in their order to the rear parcel of said one hundred and fifty feet shall be liable in their order." With the complaint is filed an exhibit showing the various lots and tracts of land, and the owners' names against whom the assessments were made. Construing the complaint and the exhibit together, it cannot be said that it shows an assessment was made against appellants. The exhibit shows the property of appellant which is within one hundred and fifty feet of the improvement, but it does not appear that it was assessed.

As the right of way of appellant does not abut on the improved part of the street, they could be made

liable for no part of the cost of the improvement except by virtue of the provisions of section 4290, *supra.* In the case of *City of Terre Haute* v. *Mack*, 139 Ind. 99, it was held that in order to make the whole of the first fifty feet primarily liable it is necessary that one person should own the whole of the first fifty feet. That is if two persons each owned twenty-five feet of the first fifty feet the twenty-five feet abutting the improved street should be primarily liable and the second twenty-five feet should be taken only in the event the first was insufficient to satisfy the lien, and that this secondary liability extends back from the street a distance of one hundred and fifty feet. In the opinion in that case, the court, by McCabe, J., said: "But the proviso makes such land liable only in the event that the lots or parcels preceding it toward the front or border have proved insufficient to pay the cost of the improvement. And the amount for which such ground is in any event made liable is not fixed by any assessment or ascertainment either by the engineer or common council, but it is fixed and ascertained by the balance remaining unpaid of the whole amount assessed on the front lot or parcel after the exhaustion of the parcels that precede it to the front. That cannot be known and ascertained until such preceding parcels have been sold."

In the case at bar the abutting owners and those owning lots within the limit of one hundred and fifty feet were joined as defendants, and we think this is permissible under the statute. The statute intends that if the abutting property is insufficient to pay the assessment other property back one hundred and fifty feet shall then be liable. We see no reason for not determining the whole question in one suit. The engineer, it is true, has no power to assess, in the first instance, property secondarily liable; nor does the

statute provide for a separate assessment upon such property by the engineer after the abutting property has been exhausted. But from the language of the whole statute it must be held that it was the intention of the act to carry the balance of such an assessment to such other property as lies within the limit, and that without any separate assessment being made on such property. The act itself fixes a lien for the unpaid balance upon property secondarily liable. If we are right in this view of the statute, it necessarily follows that, in an action seeking to fix a secondary liability upon such property, it must be made to appear that the municipality took the statutory steps necessary to fix a lien.

The waiver signed by the abutting property owners has no effect in any way in determining the rights and liabilities of appellants. Without holding to what extent such a waiver would be conclusive against the abutting property owners who signed it, it is evident that such waiver can in no way affect the rights of persons whose property is only secondarily liable. Appellants waived no defects, and the statute empowers no one to waive such defects for them. They can rightfully insist that appellee shall show that such steps were taken as result in a valid lien. A valid assessment is the basis of appellants' liability. The statute has provided the manner in which such an assessment may be made. The only power to make it is found in the statute. If the statute is not followed, no assessment with its resulting lien is made. The statute plainly provides the steps to be taken by the council in making such an improvement, and it can be made in no other way. The complaint must show that the council took such jurisdictional steps as legally authorized it to make the improvement. This the complaint does not do.

It is well settled that in cases like that at bar, the proceedings of a municipality will not be held void, where there has been an attempt to comply with the requirements of the statute though there may have been a failure to strictly comply with its provisions, if the municipality, in addition to its jurisdiction over the subject-matter, had jurisdiction of the persons to be affected. *Otis* v. *De Boer,* 116 Ind. 531; *Hobbs* v. *Board, etc.,* 116 Ind. 376; *Jackson* v. *Smith,* 120 Ind. 520; *Ross* v. *Stackhouse,* 114 Ind. 200. It is also well settled that a statute giving a municipality power to impose a burden upon the property of an individual must be strictly construed, and that if some act, in its nature jurisdictional, is required to be done as a condition precedent to imposing such burden, the failure of the municipality to do the act required renders the proceedings void. *Barber, etc., Paving. Co.,* v. *Edgerton,* 125 Ind. 455, and cases there cited; *Niklaus* v. *Conkling,* 118 Ind. 289; *Case* v. *Johnson,* 91 Ind. 477; *Wrought Iron Bridge Co.* v. *Board, etc.,* 19 Ind. App. 672, and cases cited. In such case it is not necessary to plead at length the proceedings of the council, but it is necessary to plead the acts done by the municipal officers, and such facts as show that they were rightfully done. *Van Sickle* v. *Belknap,* 129 Ind. 558.

While the holders of the bonds brought the suit, yet the action is not based primarily on the bonds, but upon the proceedings of the common council and the assessment of the property. The rights of appellee in this action are not greater than those of the contractor had he brought the suit; and any defense appellants would have had against the contractor may be interposed in this action. There is a special finding, but this does not cure the defect complained of. Where a necessary and material averment is wholly omitted from a complaint, such defect cannot be cured

by a special finding. Complaint is made, not of a defective averment, but of the entire omission of a necessary averment. *Western Assur. Co.* v. *McCarty*, 18 Ind. App. 449. The demurrer to the complaint should have been sustained. Judgment reversed.