## CHARLES v. CITY OF MARION et al.

(Circuit Court, D. Indiana. December 11, 1899.)

### No. 9,755.

1. CONSTITUTIONAL LAW—DUE PROCESS OF LAW.

It is essential to due process of law that there shall not only be notice of a time and place for a hearing, but, what is more important, that there shall be a tribunal clothed with power by methods and rules prescribed by law to hear and determine the question involved.

2. MUNICIPAL CORPORATIONS—ASSESSMENTS FOR STREET IMPROVEMENT—CONSTITUTIONALITY OF STATUTE.

The validity, under the constitution of the United States, of the statute of Indiana (Burns' Rev. St. 1894, § 3626) providing that lot owners "shall be liable to the city for their proportion of the cost of street and alley improvements in the ratio of the front line of their lots owned by them to the whole improved line of the street and alley improvements," and which apparently makes no provision for considering or determining the question of benefits to the property assessed, is sufficiently doubtful, in the absence of its construction in that regard by the supreme court of the state, to warrant the granting of a preliminary restraining order in a suit by a lot owner to enjoin the enforcement of an assessment made thereunder.

3. TEMPORARY INJUNCTION—GROUNDS—SUFFICIENCY OF SHOWING.

In order to justify the granting of a temporary restraining order, it is sufficient if the plaintiff shows the existence of a prima facie right with a threatened injury to that right by defendant, and that the granting of such order will be less injurious to the defendant than the refusal to grant it will be to the plaintiff.

In Equity. On motion for temporary restraining order.

Miller, Elam & Fesler, Honk & Ratliff, Marshal Frank, and Charles St. John, for complainant.

G. A. Henry, F. W. Sweazey, and Hawkins & Smith, for defendants.

BAKER, District Judge. The supreme court of this state has expressed no recent opinion upon the constitutionality of the statute (Burns' Rev. St. 1894, § 3626) providing that lot owners "shall be liable to the city for their proportion of the costs of street and alley improvements in the ratio of the front line of their lots owned by them to the whole improved line of the street and alley improvements." Prior to the decision in Village of Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443, the supreme court of this state and of many other states had held that state legislation providing for an assessment of the costs of street and alley improvements by the measurement of the front line of the lots along and in front of which such improvements were made was valid. But in

none of the cases decided by the supreme court of this state was prominence given to the question ruled in Village of Norwood v. Baker, supra. The principle there settled is that a property owner cannot be assessed, for the construction of a public street or alley, in excess of the amount of benefits conferred upon the property; and that such benefits are those only which are peculiar to the property, and do not embrace benefits derived from such public improvement by the landowner as one of the public at large. The statute of this state expressly provides for an assessment of the costs of a street improvement by the measurement of the front line of the lots along which the improvements are made, and makes no provision for an assessment on the basis of the benefits actually received by the property owner by the construction of such public improvements. The constitution of the United States, as well as of this state, forbids the taking of private property for public use, by taxation or otherwise, without just compensation; and, in the case of an assessment of benefits for street improvement, that just compensation consists in the benefits that the lot owners receive by reason of such public improvement. The statute provides that, when such improvement has been completed, the common council shall cause a final estimate of the total cost, to be made by the city engineer, and shall require such engineer to report, among other things, to the common council, the total cost of such improvement, the average cost per running front foot, the name of each property owner on that part of the street improved, the number of front feet owned by each of such property owners, and the amount of the cost for such improvement due upon such lot or parcel of ground bordering on such street or alley, "which amount shall be ascertained and fixed by multiplying the average cost price per running front foot by the number of running front feet of the several lots or parcels of ground, respectively." Upon the filing of such estimate the common council shall give two weeks' notice of the time and place when and where a hearing can be had upon such estimate before a committee of the common council, to be appointed to consider such estimate, and such committee shall make report to the common council recommending the adoption or alteration of such estimate, and the common council may adopt, alter, or amend such estimate and the assessments therein.

It is suggested in argument that the notice and hearing above provided for is such notice and hearing as constitute due process of law. The statute is mandatory in requiring the engineer to make his assessment and estimate upon the basis of assessing the whole cost of the improvement by the front-line measurement, and, as he is an officer acting under special, delegated, statutory authority, an assessment or estimate made by him on any other basis than that prescribed by the statute would be void. The matter referred to the consideration and judgment of the common council and its committee is the assessment and estimate so made by the engineer, and nothing else, and the only authority conferred upon the common council or a committee of that body is either to adopt that estimate, or else simply to make alterations in the estimate so made. Evi-

dently the alterations contemplated are simply such alterations as are necessary to make the estimate of the engineer conform to the statute prescribing the method by which the engineer shall be governed in making the estimate. The statute does not purport to confer authority upon the common council to institute an inquiry de novo, and to hear witnesses and consider testimony for the purpose of fixing the assessment on the basis of the actual benefits received by the property of the landowner by the construction of the public improvement. It is elementary that the constitution authorizing the assessment and levy of taxes is not self-executing. It must be carried into execution by appropriate legislation, and no taxing officer or taxing body can make a valid assessment unless they pursue with reasonable strictness the precise method prescribed by the statute. There is no provision of the statute of this state called to the attention of the court which points out the method, or confers authority upon the common council to hear and determine the question of actual benefits received by the property of the landowner by the construction of a street improvement. It is not sufficient, to constitute due process of law, that the statute provides for a hearing and notice. It is essential to due process of law that there should not only be notice of a time and place for a hearing, but, more important, that there should be a tribunal clothed with power by methods and rules prescribed by law to hear and determine the question involved. If the hearing had before the common council was to determine the benefits actually received by the property owner, it is strange, indeed, that the statute commands the engineer to make and report his assessment and estimate upon a basis which wholly disregards, and, in effect, forbids, his considering the question of benefits at all. In my opinion, there is no provision of the statute that provides a tribunal, and clothes it with power, and points out the method of its procedure for the purpose of ascertaining and determining the benefits actually received by the property of a landowner by the construction of a street improvement. It may be that the supreme court of this state will, by judicial construction, import into the statute, which simply authorizes the alteration of the estimate of the engineer, a power in the common council, or in a committee of that body, to hear evidence, and determine for itself the amount of actual benefits received by the landowner by the construction of a street improvement. But such judicial construction, it seems to me, would clearly fall within the principle of judicial legislation. It is not necessary, however, on the present application for a temporary restraining order, that the court should pronounce a definitive judgment on the foregoing questions. In order to justify the granting of a temporary restraining order, it is sufficient if the plaintiff shows the existence of a prima facie right, with a threatened injury to that right by the defendants, and that the granting of a temporary restraining order would be less injurious to the defendants than the refusal to grant it would be to the plaintiff. For these reasons a temporary restraining order will be granted until the final hearing of the cause.