CHARLES v. CITY OF MARION et al.

(Circuit Court, D. Indiana. March 22, 1900.)

No. 9,755.

STREET IMPROVEMENTS—ASSESSMENTS—CONSTITUTIONAL LAW.

Act March 8, 1889, as amended in 1891 (2 Burns' Rev. St. 1894, § 4288 et seq.), providing that the entire cost of a street improvement, except for crossings, shall be assessed against the abutting property by the frontage measurements, without regard to special benefits, and providing for no notice and hearing to ascertain and determine the actual benefits specially received by the landowner by reason of such improvement, the only notice and hearing being one to revise and correct the report and estimate of the engineer to make it conform to the prescribed basis of assessment, violates the constitutional provisions against taking of property without just compensation and denial of the equal protection of the law.

Amended Bill in Equity.

Miller, Elam & Fesler and St. John & Charles, for complainant.
Hawkins & Smith and Sweazey & Condo, for defendants.

BAKER, District Judge. This suit has been before the court on an application for a temporary restraining order. Charles v. City of Marion, 98 Fed. 166. It is now before the court on a demurrer to the amended bill of complaint, on the ground that it does not state facts sufficient to constitute a cause of action entitling the complainant to equitable relief. The suit is brought to restrain the defendants from establishing and enforcing an assessment for the whole cost of paving a street bordering on lots and parcels of land owned by the complainant. The proceedings are had under the act of March 8, 1889, as amended in 1891; the same being section 4288 et seq., 2 Burns' Rev. St. 1894. The bill alleges that the defendants are proceeding to pave the street for a distance of several hundred feet along and in front of lots and parcels of land owned by the complainant which abut on the street so to be improved. It is alleged that the city intends, gives out, and threatens that it will assess the whole cost for such improvement on the abutting land of the complainant without any regard to the peculiar benefits which his land may receive by reason of such improvement. It is further alleged that the cost of such improvement, if made as threatened, will exceed the entire value of the land for a large part of the distance to which said improvement will extend in front of said land, and that for the residue of such distance the assessment will be at

least twice as great as the special benefits to be derived therefrom. On the application for a temporary restraining order, the court held that the statute under which these proceedings are prosecuted was invalid, for the reason that it required the whole cost of the improvement to be assessed upon the abutting lots and parcels of land, without any regard to the special benefits to be derived from such improvement, and that there was no provision made for determining and assessing on such lots and parcels of land only so much of the cost of the improvement as should be found equal to the special benefits received by the property abutting on the improvement.

Some further observations than those made in the former opinion, in reference to the judicial and legislative policy of the state on the subject of such assessments, may not be inappropriate. In the act approved December 20, 1865 (Acts 1865 [called Sess.] p. 30), which is in substance the same as the present statute, section 66 provides as follows:

"In all contracts specified in the last preceding section, the cost of any such improvement shall be estimated according to the whole length of the street or alley, or the part thereof to be improved, per running foot, and the city shall be liable to the contractors for so much thereof only as is occupied by public grounds of the city bordering thereon, and the owners of such lots bordering on such streets or alleys, or the part thereof to be improved, shall be liable to the contractors for their proportion of the cost in the ratio of the front line of lots owned by them to the whole improved line."

In the case of Palmer v. Stumph, 29 Ind. 329, the supreme court held that this method of assessment was constitutional. After referring to the legislation of the state prior to the adoption of the present constitution of 1851 to prove that assessments of the cost of a street or alley improvement by the front-foot rule was a recognized legislative method of assessment, the court, referring to the above-quoted provision, proceeds to say:

"By this act the rate is the same upon every owner within the reach of the assessment. That is the exact benefit each may receive from the improvement of the street. The legislature have adopted this method of reaching that result. It is certainly reasonable to suppose that, as a rule, property along the line of a street improvement will be equally benefited; that, as a rule, the property fronting upon a street, foot by foot, will be of equal value, and should therefore be equally assessed."

This case has always been regarded as settling the constitutionality of legislation assessing the entire cost of a street or alley improvement by the running front foot, without any reference to the actual benefits specially received by the property abutting on such improvement. It holds that the legislature may constitutionally determine that "the property fronting upon a street, foot by foot, will be of equal value, and should therefore be equally assessed," and that such legislative determination, however erroneous it may be as a matter of fact, concludes any judicial inquiry. The legislature, the municipal corporations, the judiciary, and the people of the state have always recognized and acted upon the rule above announced.

In Ross v. Stackhouse, 114 Ind. 200, 206, 16 N. E. 501, discussing the principle upon which a statute authorizing assessments for

street improvements by the front-foot rule is upheld, Mitchell, C. J., speaking for the court, said:

"Special assessments for street and other similar improvements are upheld upon the theory that each lot or tract of land assessed is benefited, in a special and peculiar manner, in a sum equal to the amount estimated or assessed against it. The lien is therefore enforceable against the land upon the theory that the owner has received a personal and pecuniary benefit by the improvement, which the citizens do not share in common,"

—Citing Heick v. Voight, 110 Ind. 279, 11 N. E. 306; Lipes v. Hand, 104 Ind. 503, 1 N. E. 871, 4 N. E. 160; Chamberlain v. City of Cleveland, 34 Ohio St. 551; Stuart v. Palmer, 74 N. Y. 183; Hammett v. City of Philadelphia, 65 Pa. St. 146.

In Garvin v. Daussman, 114 Ind. 429, 434, 16 N. E. 826, in upholding an assessment by the front-foot rule, the same judge, speaking for the court, said:

"The principle which underlies and upholds special assessments, such as that involved in the present case, is that the lands assessed are enhanced in value to an amount equal to the cost of the improvement, which is to be apportioned, among those specially benefited, in the manner prescribed by law."

The manner prescribed by the law then under consideration by the court was that the assessment of the entire cost of the street improvement, except for the cost of street and alley crossings, should be assessed by the front-foot rule against the lots and parcels of land bordering on the improvement. This rule was upheld on the theory above stated, and the court further held:

"If, therefore, the law provides for giving notice, and for a method whereby the property owner may ultimately challenge the correctness of the assessment made against his property in respect to whether it was made in good faith, without intervening error or mistake, and according to the method and under the safeguards provided by law, the constitutional provision is to be deemed satisfied."

The court holds that the assessment by the front-foot rule prescribed by the statute is valid, and that such assessment will be upheld and enforced if it is made in good faith, without mistake or intervening error, according to the method and under the safeguards provided by law. Thus, it is seen that the only thing open upon the hearing is to ascertain whether there is error or mistake, in the engineer's report and estimate, in failing to conform to the method prescribed in determining the amount of the property owner's assessment according to the front-foot rule, as provided by law. The validity of a statute providing for the assessment of the entire cost of a street improvement by the front-foot rule is sustained in Quill v. City of Indianapolis, 124 Ind. 292, 23 N. E. 788, 7 L. R. A. 681, and in Paving Co. v. Edgerton, 125 Ind. 455, 25 N. E. 436.

The case of City of Terre Haute v. Mack, 139 Ind. 99, 38 N. E. 468, contains one of the latest expressions of the supreme court on this subject. The statute here involved received full and careful consideration. In that case an attempt had been made to distribute an assessment according to benefits on a lot which had been subdivided, all lying within 50 feet of the improved line of the street, different parcels of which lot were owned by different persons. It was held that the statute prescribed the assessment by the front-

foot rule on the lot or parcel immediately bordering on the improvement, and that the distribution of the assessment upon the other lots or parcels according to benefits was absolutely void, although reported by the city engineer and confirmed by the common council without any objection by the lot owners. The opinion of the court, in harmony with all of its prior decisions, affirms the doctrine, which would seem to be self-evident, that no assessment can be made by any one except under a statute conferring the power and prescribing the method of making such assessment. The court declares that no assessment can be made except on an abutting lot, and on such lot only by the front-foot rule, and that neither the common council nor the city engineer can make an assessment on any other basis. The reason is thus stated by the court: "Because, by the provisions of section 6, just quoted, the engineer's report is the only legal basis on which any assessment can be made against any land whatever." Thus the court squarely holds that the only legal basis on which any assessment can be made against any land whatever must be found in the engineer's report. What that basis is, is declared in section 6 in language so clear and explicit that the wayfaring man, though not a lawyer, need not err therein. This section is copied by the court, as follows:

"The common council of such city * * * shall cause a final estimate of the total cost thereof to be made by the city * * * engineer, and the common council, * * * shall require said city * * * engineer to report to the common council * * * the following facts: First, the total cost of said improvement; second, the average cost per running front foot of the whole length of that part of the street improved; third, the name of each property owner on that part of the street so improved; fourth, the number of front feet owned by the respective owners on that part of said street so improved; fifth, the amount of such cost of improvement due upon each lot or parcel of ground bordering on said street or alley, which amount shall be ascertained and fixed by multiplying the average cost per running foot by the number of running front feet of the several lots or parcels of ground respectively; sixth, the full description, together with the owner's name, of each lot or parcel of ground bordering on said part of said ground so improved."

Unless this court is to depart from all existing decisions of the supreme court of Indiana, it will be constrained to hold that the only legal basis upon which any assessment against any land whatever can be made is by the running front foot rule; that is, by ascertaining the total cost of the improvement, and by dividing that cost by the total length of the improvement, and thus determine the average cost per running foot, and then the amount to be assessed against each lot or parcel of ground must be ascertained and fixed by multiplying the average cost per running foot by the number of running front feet of the several lots or parcels of ground, respectively. It is apparent that errors and mistakes may occur in making up such report and estimate by incorrect measurements, by the omission of some lot or parcel of ground, by failing to ascertain accurately the total cost, and by mistakes in the mathematical computations required to be made. Errors of this character are those spoken of by the court in Garvin v. Daussman, supra, as those which are open to correction. This construction of the statute has been followed and affirmed by the appellate court of this state in the

following cases, among others: Sands v. Hatfield, 7 Ind. App. 357, 34 N. E. 654; Coke Co. v. Crumbo, 10 Ind. App. 360, 37 N. E. 1062; Becker v. Railway Co., 17 Ind. App. 324, 46 N. E. 685; Cleveland, C., C. & St. L. Ry. Co. v. Edward C. Jones Co., 20 Ind. App. 87, 50 N. E. 319; Indianapolis & V. R. Co. v. Capitol Pav. & Const. Co. (Ind. App.) 54 N. E. 1076.

The legislation of this state on street improvement has been uniformly in harmony with the doctrine of the supreme court that the abutting landowner, without any regard to special benefits received, could be lawfully required to pay the entire cost of a street improvement by the running front foot. It is not seriously contended by counsel for defendant but that this method of assessment is in conflict with the ruling of the supreme court in the case of Village of Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. It is earnestly insisted, however, that the court should read into section 7 of the present statute an authority empowering the common council of the city to set aside the judicial and statutory rule of assessment constantly enforced for a half century, and to permit the common council to enter de novo upon an inquiry as to the peculiar benefits received by the abutting landowner by reason of the street improvement. If there was nothing in the act under consideration which forbade it, as there is, I should feel constrained to withhold my assent to such judicial usurpation. It seems to me that no one can read the third, fifth, and sixth sections of the present statute, which are too long to be here inserted, and still entertain a doubt as to the true scope of the power of revision conferred upon the common council by the seventh section of the act. The power so conferred is not one to set aside and annul the statutory basis on which the engineer's report rests, but is limited to such alterations and amendments of such report and the assessments therein as shall make such report and assessments conform to the statutory rule prescribed in section 6. Charles v. City of Marion, supra. The method of assessment prescribed by the statute is in conflict with the doctrine of Village of Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. It is clear that the statute under which the present proceedings are prosecuted provides that the entire cost of the street improvement, except for street and alley crossings, shall be assessed against the abutting property by the frontage measurement, without any regard to the special benefits received by it. It provides for no notice and hearing to ascertain and determine the actual benefits specially received by the landowner by reason of such improvement. The only notice and hearing provided for is one to revise and correct the report and estimate of the engineer, so as to make it conformable to the basis of assessment prescribed in sections 3, 5, and 6. Such legislation is unconstitutional and void, under both the federal and the state constitutions, because it constitutes a taking of property without just compensation, and is a denial of the equal protection of the law. Statutes substantially like the one under consideration, since the decision in Village of Norwood v. Baker, supra, have been held invalid by many courts, although prior to that decision the

same or similar statutes had been upheld by the same courts upon the same theory upon which the legislation of this state has been upheld. The court contents itself with simply citing those cases, which seem decisive of the question: Hutcheson v. Storrie (Tex. Sup.) 51 S. W. 848; Sears v. Board (Mass.) 53 N. E. 138; Same v. Commissioners, Id. 876; Walsh v. Barron (Ohio Sup.) 55 N. E. 164; Birdseye v. Village of Clyde, Id. 169; Loeb v. Trustees (C. C.) 91 Fed. 37; Fay v. City of Springfield (C. C.) 94 Fed. 409; Lyon v. Town of Tonawanda (C. C.) 98 Fed. 361. The demurrer to the amended bill is overruled, and the defendants are ruled to answer within 15 days herefrom.