ZEHNDER v. BARBER ASPHALT PAVING CO.

(Circuit Court, D. Kentucky. January 19, 1901.)

1. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—CONSTITUTIONALITY.

The rule for making special assessments for street improvements prescribed by Ky. St. §§ 2832–2839, which provide that such improvements shall "be made at the exclusive cost of the owners of lots in each fourth of a square, to be equally apportioned" according to the number of square feet owned by the parties, respectively, within the abutting fourth square, or the limits fixed by ordinance when the land is not defined into squares by bounding streets, excludes any inquiry as to special benefits as a condition precedent to the making of such assessments, and is in violation of the fifth and fourteenth amendments to the constitution of the United States.

**2.** SAME—RIGHT TO INJUNCTION AGAINST ILLEGAL ASSESSMENT.

Where the rule prescribed by statute or ordinance for making special assessments for street improvements is unconstitutional because it excludes inquiry as to special benefits to the property assessed, an owner of such property is not required to prove that the assessment is for an amount in excess of the benefits, or to make a tender of any amount, to entitle him to an injunction restraining the collection of an assessment thereunder.

In Equity. On demurrer to bill.

Lane & Harrison, for plaintiff.

Wm. Furlong, for defendant.

EVANS, District Judge. The bill, in substance, alleges that by virtue of the statutes of Kentucky providing for the government of cities of the first class, and of certain ordinances of the general council, the city of Louisville, by contract with defendant, made certain specified improvements of Baxter avenue, in said city, with asphalt pavements; that the ordinances and the statutes require the cost of these improvements to be apportioned equally among the owners of the property according to the number of square feet owned by them respectively, and embraced within certain specified boundaries, but without taking into consideration any estimate of damages or benefits thereto by reason of said improvements; that assessments have been made by the proper authorities of said city, and apportionment warrants have been issued therefor against the complainant's land in the city located within the boundaries so specified, amounting to largely over $2,000 in favor of the defendant, who, under contract with the city and pursuant to the said ordinances, had constructed said improvements, and, further, that defendant, having received the apportionment warrants therefor, is about to proceed to collect the amount thereof by action against the complainant and the said property under the claim that the defendant has a lien upon complainant's said land by reason of the facts stated. The bill also avers that as the assessment and charge against complainant's land was made by the square foot only, and without any inquiry or opportunity for inquiry as to whether the said land was benefited or injured by the improvements aforesaid, he is about to be deprived of his property without due process of law, and is about to be denied in respect thereto the equal protection of the laws, all in violation of the fourteenth article of amendments to the constitution of the United States. Upon these grounds the bill asks that the defendant be enjoined from enforcing said warrants and assessments, and the lien claimed thereunder, against the complainant's land. As the improvements were doubtless made in good faith by the defendant, the contractor, at great expense, but without any attempt on the part of the complainant, who must have known of the progress of the work, to stop it by an appeal to the protection of the courts before it was finished, and without giving any notice to the defendant that he would resist payment when the improvement was completed, the case is one of much hardship, the stress of which the court has felt and recognized in the consideration of the case. Sections 2832–2839, inclusive, of the Kentucky Statutes, as amended in 1898, embrace the statute law of the

state upon the subject. So far as is necessary to any understanding of the case before us, the provisions of the statute are as follows:

"Sec. 2833. When the improvement is the original construction of any street, road, lane, alley or avenue, such improvement shall be made at the exclusive cost of the owners of lots in each fourth of a square to be equally apportioned by the board of public works, according to the number of feet owned by them respectively, and in such improvements the cost of the curbing shall constitute a part of the cost of the construction of the street or avenue, and not of the sidewalk. Each subdivision of the territory bounded on all sides by principal streets shall be deemed a square. When the territory contiguous to any public way is not defined into squares by principal streets, the ordinance providing for the improvement of such public ways shall state the depth on both sides fronting said improvement to be assessed for the cost of making the same according to the number of square feet owned by the parties respectively within the depth, as set out in the ordinance.

"Sec. 2834. A lien shall exist for the cost of original improvement of public ways, for the construction and the reconstruction of sidewalks, and for the digging and walling of public wells and cisterns, for the apportionment and interest thereon at the rate of six per cent. per annum against the respective lots. Payments may be enforced upon the property bound therefor by proceedings in court; and no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract; but the general council, or the courts in which suits may be pending, shall make all corrections, rules, and orders to do justice, to all parties concerned; and in no event, if such improvement be made as is provided for, either by ordinance or contract, shall the city be liable for such improvement, without the right to enforce it against the property receiving the benefit thereof; but no ordinance for any original improvement mentioned in this act shall pass both boards of the general council at the same meeting, and at least two weeks shall elapse between the passage of any such ordinance from one board to the other."

"Sec. 2838. In all actions to enforce liens, a copy of the ordinance authorizing the improvements or work, a copy of the contract therefor, and a copy of the apportionment.—each attested by the comptroller.—shall be prima facie evidence of the due passage, approval, and publication of the ordinance, of the due execution and approval of the contract, and shall also be prima facie evidence of every other fact necessary to be established by the plaintiff in such actions to entitle him to the relief authorized to be given in this act. In such actions the court shall provide in its order confirming any report of sale that the defendants, or either of them or any one claiming through or under them, or either of them, or any creditors of theirs, or either of them, may, within two years from the date of such order confirming a report of sale, redeem the land sold by paying to the purchaser the purchase price, with interest thereon from the day of sale, at the rate of six per cent. per annum, and all the taxes and assessments on and against such land paid by such purchaser, with interest thereon at the rate of six per cent. per annum, from the date of such payments; and in the event that there be no redemption within the time allowed, the order of confirmation shall be final, and a deed shall be executed to the purchaser or his assignee.

"Sec. 2839. The board of public works shall make out all apportionment warrants for which liens are given for improvements of public ways, wells, cisterns, water-plugs and sidewalks, as may be required by ordinance, and within two days thereafter shall enter the same upon a register kept in alphabetical order for that purpose. When the holder of said warrants shall have obtained payment, he shall notify the board of public works, and it shall be marked upon the register as paid. The lien shall exist from the date of the apportionment warrant; but a lien shall not be valid against a purchaser for valuable consideration without notice, unless it shall be so entered and registered within ten days of the issuing of the apportionment warrant."

These being the statutory provisions, and the ordinances adopted having conformed to them, the important question to be determined

is, do they together provide a method for creating and enforcing a demand against the complainant and his property which is not violative of his rights as the same are guarantied by the constitution of the United States? Indeed, this is not only the important question, but is the only question at present involved in the litigation. It is settled beyond dispute that municipalities may have the legal power conferred upon them to assess the cost of street improvements against the property located in the neighborhood of the improvements; and the opinion in the case of Village of Norwood v. Baker, presently to be noticed, in no way impugns this proposition. What that case has done is to distinctly establish and fix the doctrine that this assessment must not be so made as to omit to give vigorous effect to certain fundamental constitutional provisions affecting the manner of apportioning those costs, and designed to protect persons and their property against mere spoliation under the guise of exercising the taxing power. The right of the legislature to bestow upon cities the power to impose the cost of street improvements upon near-by property goes upon the notion that property so situated derives peculiar benefits from the improvements made. Generally those benefits do result from the improvements, but it may also be quite true that those benefits are by no means equally distributed over the adjacent lands, although legislation sometimes proceeds upon the idea that it is well to close out nice and technical, and indeed all, inquiries, on that subject, and conclusively to assume that all property in the locality taxed is not only beneficially affected, but in precisely the same ratio. This characteristic is a notable feature of the statutes of Kentucky above quoted, and the courts of the state have upheld the validity and sufficiency of that phase of the legislation. In 1898 the supreme court of the United States, in the case of Village of Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443, took a radically different view of the subject, and distinctly announced a different doctrine. After saying on page 277, 172 U. S., page 190, 19 Sup. Ct., and page 447, 43 L. Ed., that "the taking of the plaintiff's land for the street was under the power of eminent domain,—a power which this court has said was the offspring of political necessity, and inseparable from sovereignty unless denied to it by the fundamental law (Searl v. School Dist., 133 U. S. 553, 10 Sup. Ct. 374, 33 L. Ed. 740),"—the court added, "But the assessment of the abutting property for the cost and expense incurred by the village was an exercise of the power of taxation"; and, after fully recognizing the right of the legislature to create a new taxing district, the court (page 278, 172 U. S., page 190, 19 Sup. Ct., and page 447, 43 L. Ed.) said:

"But the power of the legislature in these matters is not unlimited. There is a point beyond which the legislative department, even when exerting the power of taxation, may not go, consistently with the citizen's right of property. As already indicated, the principle underlying special assessments to meet the cost of public improvements is that the property upon which they are imposed is peculiarly benefited, and therefore the owners do not in fact pay anything in excess of what they receive by reason of such improvement. But the guaranties for the protection of private property would be seriously impaired if it were established as a rule of constitutional law that the imposition by the legislature upon particular private property of the entire cost of a public improvement, irrespective of any peculiar benefits accruing to the owner

from such improvement, could not be questioned by him in the courts of the country. It is one thing for the legislature to prescribe it as a general rule that property abutting on a street opened by the public shall be deemed to have been specially benefited by such improvement, and therefore should spe cially contribute to the cost incurred by the public. It is quite a different thing to lay it down as an absolute rule that such property, whether it is in fact benefited or not by the opening of the street, may be assessed by the front foot for a fixed sum, representing the whole cost of the improvement, and without any right in the property owner to show, when an assessment of that kind is made or is about to be made, that the sum so fixed is in excess of the benefits received."

And on page 291, 172 U. S., page 195, 19 Sup. Ct., and page 451, 43 L. Ed., the court also said:

"The assessment was by the front foot, and for a specific sum, representing such cost, and that sum could not have been reduced under the ordinance of the village, even if proof had been made that the costs and expenses assessed upon the abutting property exceeded the special benefits. The assessment was in itself an illegal one, because it rested upon a basis that excluded any consideration of benefits. A decree enjoining the whole assessment was therefore the only appropriate one."

It is insisted that that case is not applicable to the one before us, because it was merely a proceeding for the condemnation of land for use as a street under the right of eminent domain. To this description of that case we cannot yield approval. Instead of being so, it was plainly a case which called for a decision of the exact question now before us, and was a bill to enjoin the collection of a tax assessed for the cost, among other things, of "opening" (that is, improving) a street, the land for which, it is true, had been condemned or appropriated and paid for in what may fairly be called a proceeding for that purpose, although the two objects seem to have been accomplished in sequence the one to the other, in the same general proceeding. It has been contended in several cases before as many different federal courts that Village of Norwood v. Baker was a proceeding in exercise merely of the power of eminent domain, and involved no question of the power of taxation; but each of those courts has distinctly held to the contrary, and, in our opinion, must necessarily have so held. Parker v. City of Detroit (C. C.) 103 Fed. 357; Loeb v. Trustees (C. C.) 91 Fed. 37; Fay v. City of Springfield (C. C.) 94 Fed. 409; Charles v. City of Marion (C. C.) 98 Fed. 166; Id., 100 Fed. 538; Lyon v. Town of Tonawanda (C. C.) 98 Fed. 361; Cowley v. City of Spokane (C. C.) 99 Fed. 840. The subject also received able and intelligent treatment in the case of Hutcheson v. Storrie, 92 Tex. 685, 51 S. W. 848. Two or three state courts, it is true, have, notwithstanding the decision in Village of Norwood v. Baker, adhered to their original views; but this court must scrupulously follow the rule of the supreme court, as last announced, when, as here, it is unmistakably clear.

It is insisted that section 2834 of the Kentucky Statutes provides a remedy for the complainant, in the clause thereof which authorizes the "general council or the courts to make all corrections, rules and orders to do justice to all parties concerned"; but it nowhere appears that either the general council or the court has done so, or can do so effectively until further legislation has provided the way. That pro-

vision, however, is not very satisfactory in meaning or purpose, in view of the other provisions of the statutes. Certainly it has not in this case provided an opportunity first to do the thing which the supreme court has held to be essential, namely, to give to the proper owner the means of having an inquiry made as to whether his land has been injured or benefited by the improvement of the street, as a condition precedent to fixing and assessing the amount he is to be taxed and compelled to pay therefor. The court manifestly ruled in that case that any legislative plan for doing it was unconstitutional which arbitrarily apportioned the cost ratably per square foot, without a previous inquiry as to the benefits to the land. Nor is it available to say that it does not appear in this case that there is an excess of the proposed taxation over the amount of benefits to the land. No way is provided by the statute or the ordinance for an authoritative settlement of that vital question, although it is a condition precedent to the right to make the assessment itself. In other words, the right to make such assessments cannot be constitutionally exercised at all without first giving an opportunity to examine into the question of benefits. Nor need we inquire whether there should have been a tender by complainant, with his bill, of the amount of taxes fairly due from him. Upon that proposition the court, in Village of Norwood v. Baker, at page 293, 172 U. S., page 196, 19 Sup. Ct., and page 452, 43 L. Ed., has said:

"The present case is not one in which, as in most of the cases brought to enjoin the collection of taxes or the enforcement of special assessments, it can be plainly or clearly seen, from the showing made by the pleadings, that a particular amount, if no more, is due from the plaintiff, and which amount should be paid or tendered before equity would interfere. It is, rather, a case in which the entire assessment is illegal. In such a case it was not necessary to tender, as a condition of relief being granted to the plaintiff, any sum, as representing what she supposed or might guess or was willing to concede was the excess of cost over any benefits accruing to the property. She was entitled, without making such a tender, to ask a court of equity to enjoin the enforcement of a rule of assessment that infringed upon her constitutional rights. In our judgment, the circuit court properly enjoined the enforcement of the assessment as it was, without going into proofs as to the excess of the cost of opening the street over special benefits."

The demurrer to the bill is overruled, and, without going into the matter further, it suffices to remark that upon the authorities the court must enjoin the collection of the apportionment warrants against the complainant and his property; but as the legislature may cure the defects in the statute as to the rights and remedies available for the parties, or so as to make it possible for the general council or the state court to do so, the injunction, while it must be absolute as to this particular assessment, should be without prejudice to the collection of any future assessments for the payment of the cost of said improvements, if made by the proper authorities, in such manner as to conform to the principles established by the supreme court in the case of Village of Norwood v. Baker. After there has been an apportionment of the cost of the improvement in a constitutional way, namely, after taking into account the value of the special benefits to the complainant's land, it may possibly be that complainant should then pay the sum so assessed as his proper part of the cost of the im-

provement of the street; and the action of the court in this case should not be a bar to the trial of the questions that may arise upon a new assessment, if properly made.