### ZEHNDER v. BARBER ASPHALT PAV. CO.

(Circuit Court, D. Kentucky. May 11, 1901.)

MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—CONSTITUTIONAL LAW.

The rule for making special assessments for street improvements prescribed by Ky. St. §§ 2832–2839, which provide that such improvements shall be made at the exclusive cost of the owners of lots in each fourth of a square, to be equally apportioned according to the number of square feet owned by the parties, respectively, within the abutting fourth square, or the limits fixed by ordinance, when the land is not defined into squares by bounding streets, is not unconstitutional.

Lane & Harrison, for plaintiff.
Wm. Furlong, for defendant.

EVANS, District Judge. When the motion in this case for an injunction pendente lite was sustained, the court, in the opinion then delivered (106 Fed. 103), expressed in strong terms its sense of the hardship of complainant's situation, though not thereby meaning to say that the powers under which the assessment in this case had been made might not easily be abused. But as the law of the country then stood, as pronounced by the supreme court of the United States in its opinion in the case of Village of Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443, there was nothing left for this court to do but to obey it. The opinion in Village of Norwood v. Baker met this case fairly and fully, if its literal import and the interpretation of its meaning by every circuit court of the United States which had passed upon it were entitled to any weight. The instances in which this interpretation of that decision had previously been judicially upheld were numerous, and most of them were referred to in the opinion then written. The writer of the opinion of the court in Village of Norwood v. Baker, Mr. Justice Harlan, still emphatically insists that that interpretation was the correct one, and in this view he is supported by Mr. Justice White and Mr. Justice McKenna

in their dissenting opinions in the cases presently to be referred to. The supreme court, however, in its opinions delivered on the 29th of April, 1901, in several cases, of which that of French v. Paving Co., 21 Sup. Ct. 625, is the most prominent, in speaking of this interpretation, has said that "such is not the necessary legal import of the decision in Village of Norwood v. Baker," and, while not in terms overruling that case, has put upon it, to say the least, a different complexion, and has explicitly announced a doctrine which requires at the hands of this court a dissolution of the temporary injunction heretofore granted, particularly as the assessment in this case appears to have been made by a procedure which the Kentucky courts have always held to be in due conformity to the legal processes of that state,—a fact to which the supreme court seems to attach importance. In the granting of that injunction this court followed Village of Norwood v. Baker, and the interpretation uniformly given to it by the circuit courts of the United States. This, at that time, appeared to be its duty. But, if the supreme court should change or modify a doctrine, this court must at once conform; and whether the supreme court has, in fact, changed its views or not, this court must now conform to its latest judgment, and to its express decision as to the proper rule of law applicable to the facts disclosed by the bill of complaint in this suit, whatever may be the natural or less binding interpretation of what the supreme court had said in Village of Norwood v. Baker. The result is that the motion to dissolve the temporary injunction must be granted.