## MULLEN *v.* CLIFFORD ET AL.

[No. 5,565. Filed March 8, 1906.]

1. MUNICIPAL CORPORATIONS.—*Street Assessments.—Liens on Back-Lying Lots.—Statutes.—*Under §4290 Burns 1901, Acts 1889, p. 237, §3, a lien for street improvements is given on the back-lying lots, distant not exceeding 150 feet from the improved street, and the assessment on the front lot conditionally attaches, without additional assessment, to such back-lying lots for any sums not paid by the sale of, or the owner of, the front lot. p. 437.

2. DEEDS.—*Covenants.—Street Assessments.—*It is not necessary to insert in a warranty deed for a lot a provision that the grantee shall pay subsequent street assessments, since he is liable therefor without such provision. p. 437.

3. DEEDS. — *Covenants.* — *Liens.* — *Assumption of Payment of.—Evidence.*—Where the grantor warranted to the grantee a certain lot "subject to assessments for street improvements after 1901," and the evidence of the intention of the parties was conflicting, the court was authorized to find that the grantee was to pay instalments for street assessments falling due after 1901.  p. 438.

From Superior Court of Madison County; *Henry C. Ryan,* Judge.

Action by John Mullen against Elmer Clifford and wife. From a judgment for defendants, plaintiff appeals.  *Affirmed.*

*Ellison & Ellis,* for appellant.
*Byron McMahon* and *John C. Teegarden,* for appellees.

ROBINSON, J.—Action by appellant for breach of covenant of warranty.  On January 6, 1902, appellees conveyed to appellant, by deed of general warranty, lot 116 in Evalyn addition to the city of Anderson.  The deed was in the ordinary form, except the provision: "Subject to assessments for street improvement after 1901." Prior to that time the city had improved Locust street and assessed lot 114, which lies lengthwise on the street, and adjacent to this lot and within 150 feet of the street are lots 115 and 116.  The assessment against 114 was $195, which the owner, having signed the waiver, was given the privilege of paying in instalments, the first instalment being payable in 1895 and the last in 1904.  On May 2, 1901, the holder of Locust street improvement bonds brought suit to foreclose the lien of the assessment against lot 114 and other lots, and a decree was rendered July 28, 1902, and the lots subsequently sold under the decree, appellant purchasing the same, paying $100 for lot 114, $110 for lot 115, and $108.97 for lot 116.  Appellees were parties to this suit. Appellant was not.  Among the defendants in that action was the holder of Second street improvement bonds, who filed a cross-complaint asking to foreclose a lien against

lot 114 and other lots—Second street running in front of lots 114, 115 and 116. In the decree the lien of this cross-complainant was foreclosed against lot 114. The last of the ten instalments for the Locust street improvement would have become due and payable in 1904, in the sum of $20.67, the ninth instalment due in 1903, in the sum of $21.84, and the eighth instalment in 1902, in the sum of $23.01. The amount paid by the sheriff to the city treasurer in satisfaction of the assessment against lot 114 was $226.46, which was the net proceeds from the sale of lots 114, 115 and 116. At the time of the foreclosure and sale none of the instalments of the assessment against lot 114 had been paid except the first one, due in 1895, in the sum of $31.20.

The act under which the street was improved (§4290 Burns 1901, Acts 1889, p. 237, §3) fixes a lien for any unpaid balance upon property secondarily liable.

1. If lot 114 was insufficient to satisfy the assessment, it did not require any separate assessment to fix a lien for the unpaid balance upon adjacent lots lying within the statutory limit. Cleveland, etc., R. Co. v. Edward C. Jones Co. (1898), 20 Ind. App. 87. That is, when the deed was made by appellees, the assessment had been made and the lien existed, conditionally, against lot 116. The amount appellant claims he was compelled to pay was not an assessment made after the execution of the deed, but it was the amount of certain instalments of an assessment made before the deed was executed. Certain of these instalments became due after the deed was executed.

It would not have been necessary for the parties to insert in the deed a provision that the grantee should pay assessments for street improvements made after the execution of the deed. And the fact that the deed was made on January 6, 1902, must be considered, along with all the other facts and circumstances, in determining whether the parties intended that the grantee

should pay only such assessments for street improvements as were made after 1901, or such assessments for street improvements already made that might become due and payable after 1901. When the deed was made, the assessment, and when and how the same was to be paid, were matters of record. Three of the instalments would not become due until after the date of the deed. Appellant testified in answer to the question whether he knew at the time he purchased "that there were some street assessments against the lots that were unpaid." "Yes; there were three on Second street." He further testified: "The representation to me that that was all there was to pay;" that he went to the treasurer's office to see; that he did not look for any assessment for the improvement of Locust street; his understanding was that the lot was clear. The vendor was to furnish an abstract, but he did not exact it.

The evidence shows that when the deed was made all the instalments of the assessment for the improvement of Second street had been paid but three, and appellant testified that the representations to him were that these were all there were to pay. The court was authorized to conclude from all the evidence that the parties intended by the deed that appellant was to pay instalments for street assessments after 1901. Lot 116 was not secondarily liable for the Second street improvement, but was secondarily liable for the Locust street improvement. If lots 114 and 115 did not sell for an amount sufficient to pay for the improvement of Locust street, then lot 116 became liable. Under the evidence and the construction the court was authorized to place upon the clause in the deed, we think it can be said that the court was authorized in finding that there had been no breach of the covenant in the deed.

Judgment affirmed.