THE CITY OF INDIANAPOLIS *v.* PATTERSON and Another.

MANDATE.— *City.*—*Street Improvement.*—Where, the common council of a city incorporated under the general law of 1867 having approved an estimate of work done under a contract for grading a street of said city, duly made by the city engineer, according to the contract, and having ordered the payment thereof to the contractor by the adjacent property holders on said street, and some of said owners having refused to pay, the council afterwards rescinded its order approving said estimate and adopted and approved another estimate for a less amount than was due under the contract;

*Held,* that if the power of the council over the estimate was exhausted when it had first approved it and directed its payment, and said rescission was therefore void, the only relief the contractor could obtain by mandate would be to compel the council to issue a precept on said first estimate; and the complaint for a mandate must allege that an affidavit had been filed as required by section 71 of said act of 1867.

*Held,* also, that if the council had power to so revise its action, a mandate would not lie to direct what the decision of the question involved should be.

APPEAL from the Marion Common Pleas.

FRAZER, J.—This was a proceeding for a mandate. The complaint alleged, that the plaintiffs were contractors for grading a certain street in Indianapolis, and that they had performed the work; that an estimate thereof, according to the contract, had been duly made by the city engineer, which was reported to the city council and by that body approved and directed to be paid to the plaintiffs by the adjacent property holders upon the street; that some of such owners refused to pay; that subsequently the council rescinded its order approving this estimate and adopted and approved another estimate for a less sum than was due according to contract, and upon special request refuse to issue a precept upon the first estimate, and refuse to restore the same. It is prayed that they be compelled to restore the first estimate, &c.

If it be a sound proposition, that the power of the council over the estimate was exhausted when it had first approved it and directed its payment, then its subsequent action in rescinding that approval was void and of no effect

whatever in law, being an act which the council had no jurisdiction to perform. This is the ground maintained in argument by the appellees, and to two members of the court, as at present advised, it seems to be correct. But in that view, the approval of the first estimate still stands, and the only relief which the plaintiffs can obtain by mandate is to compel the council to issue a precept upon that estimate. Such precept, however, cannot issue until the affidavit required by statute shall have been filed. Acts 1867, p. 67, sec. 71. The complaint however does not allege that such affidavit has been filed, and, consequently, it makes no case for a mandate.

On the other hand, if the council had authority to revise its action, after having once acted, and again to exercise the judgment and discretion involved in a reconsideration of the correctness of the estimate, it is not competent for the courts to control its action and determine how the question involved shall be decided, and to require it to be determined in a particular way. In that view, a mandate may compel action, but it cannot compel the council to follow the opinion of the court as to what the action or decision shall be, where the exercise of judgment is involved; and hence, upon the latter view of the law, the complaint would be clearly bad.

Disposing of the case in this manner upon the complaint, it becomes unnecessary to examine a number of other questions which have been agitated by the argument.

Reversed, with costs, and directions to set aside all proceedings subsequent to the appearance of the defendant, and to permit the plaintiffs to amend the complaint.

*B. K. Elliott* and *C. L. Holstein*, for appellant.

*H. C. Newcomb, J. L. Mitchell,* and *W. A. Ketcham* for appellees.