Ball *v.* Balfe *et al.*

*J. R. Coffroth* and *T. B. Ward*, for appellees.

---

### BALL *v.* BALFE ET AL.

CITY.—*Final Assessment for Street Improvement.—Common Council.*—The final estimate and assessment for a street improvement in a city may be amended or corrected by the common council.

SAME.—*Assessment for Street Improvement.*—*Married Woman.*—Coverture is no reason why real estate belonging to a person under such disability should not be assessed for its share of the cost of a street improvement.

SAME.—*Appeal from Precept.*—*General Denial.*—*Evidence.*—On an appeal from a precept issued for the collection of an assessment for a street improvement, under the general denial, the contractor must prove that the proceedings of the officers subsequent to the order directing the work to be done have been regular, that a contract was made, that the work has been done in whole or in part, according to the contract, and that the estimate has been properly made thereon.

MOTION FOR NEW TRIAL.—*Evidence.*—A motion for a new trial on the ground of the improper admission or exclusion of evidence should specify the evidence claimed to have been improperly admitted or rejected. It should name the document or the testimony, specifying the witness, which was improperly received or disallowed.

·  APPEAL from the Tippecanoe Common Pleas.

DOWNEY, J.—This was an appeal from a precept issued for the collection of an assessment, made under the authority of certain proceedings of the city council of the city of Lafayette, in favor of the appellees, the contractors, against the property of the appellant. The improvement was of South street, from the Toledo, Wabash, and Western Railroad east to the Dayton gravel road. In the common pleas, there was a demurrer by the appellant to the complaint, which by law consists of the transcript, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the appellant excepted. She then answered in six paragraphs.

The first paragraph alleges, that at the commencement of the proceeding she was, and still is, a married woman, living with and supported by her husband, John Ball; wherefore, etc.

The second states that the proceeding concerns her separate real estate, and that she denies each and every allegation of the complaint; wherefore, etc.

In the third she avers that lot number nine, the property in question, borders on South street, the street a part of which was improved, and the improvement as alleged in the complaint; but that after the contract between the plaintiffs

Ball *v.* Balfe *et al.*

and the city council had been made for the said improvement of South street, the acts and proceedings of the city engineer, together with the acts and doings of the plaintiffs, were irregular, oppressive, and without authority; that the city engineer, in connection with the plaintiffs, without authority, changed and sunk the former grade established by law on said street, to the depth of eight to ten feet, tore up and removed the curbing and gravel of the former improvement of said South street, from Pine street to Tenth street, bordering on said improvement; that said change of grade and the removal of the former improvement were not authorized by the city council; that the said final estimate and assessment were made so as to embrace and include the extra work done without the authority or direction of the council, and in fraud of defendant's rights assessed and charged upon lot number nine *pro rata* with others in the said final estimate and assessment, as set out in the complaint; wherefore, etc.

In the fourth paragraph, it appears that said lot number nine borders on the said improvement of said South street, as set out in the complaint and final estimate and assessment, but the defendant avers that said work or improvement was not and is not done and performed in manner and form as the said plaintiffs, in their said contract and specifications, stipulated to do; that said plaintiffs, in their pretended performance of their contract, used pit instead of screened gravel in said improvement, and failed and refused to put the quantity of gravel on the street and improvement which their contract required. The defendant further avers that said plaintiffs, with the city engineer, without authority, changed the grade of said street, and tore up and removed the former grade and improvement that had been made and established by an ordinance of the city, in the line of said South street, opposite said defendant's property, to wit, lot number nine aforesaid; and defendant avers and charges that said plaintiffs failed to complete their contract in accordance with the requirements thereof; and that the city engineer, at the

plaintiffs' instance and request, improperly charged said lot number nine with a large excess of work, together with other lots, as set out in the final estimate and assessment, not authorized or required by the common council or otherwise; wherefore, etc.

Fifth. That at the instance and request of said plaintiffs, said final estimate and assessment set out in the complaint were made so as to embrace and include the grading, gravelling, and otherwise improving of twenty feet in width of a public highway, extending from Tenth to Pine streets, as said improvement; that said public highway lies south of and outside of the south line of South street, between said points; and defendant avers that said highway was not included in the plaintiffs' contract, and that the final estimate and assessment against said lot, including said work as to that part, are void and contrary to law; wherefore, etc.

Sixth. That the final estimate and assessment described in the complaint were so made as to include and embrace a strip of ground ten feet wide, extending from Tenth to Pine streets, and lying south of and outside of the south line of said South street, and also a strip of ground thirty feet wide and two hundred and sixty-five feet long, which lies north of and adjoining the north line of said South street. And defendant avers that said final estimate and assessment include the grading, gravelling, and other portions of said improvements, as well upon said strips of ground as upon the street proper; that said work done upon said strips of ground is improperly charged and assessed against said lot number nine, and without authority of law, as set out in said estimate and assessment; wherefore, etc.

The plaintiffs demurred separately to the first, third, fourth, fifth, and sixth paragraphs of the answer, for the reason that they did not state facts sufficient to constitute a ground of defence. The court sustained all of said demurrers, and the defendant excepted. The issue formed by the general denial was tried by a jury, and there was a verdict for the plaintiffs. The defendant moved, upon written reasons, for a new

trial; but her motion was overruled, and to this she excepted. She then moved the court in arrest of judgment; but this motion was also overruled, and she again excepted. Thereupon the court rendered final judgment against her, from which she appealed to this court.

The errors assigned are, first, the overruling of the demurrer to the complaint; second, sustaining the demurrers to the first, third, fourth, fifth, and sixth paragraphs of the answer; third, overruling the motion for a new trial.

The first objection urged to the complaint is, that the common council had no power to amend or correct the final estimate and assessment made. In *The City of Indianapolis* v. *Patterson*, 33 Ind. 157, the members of this court were equally divided on this question. But this court has, since that time, impliedly, if not expressly, held that the final estimate and assessment may be amended or corrected. We think this is essential to the ends of justice. It may often happen that the final estimate or assessment is invalid or incorrect without any intentional wrong on the part of any one. If there can be no correction, there can be no recovery for the work done. In *Balfe* v. *Johnson*, 40 Ind. 235, we sanctioned the practice of making such corrections. We see no objection to the complaint. It contains the ordinance for the improvement, the engineer's specifications, notice for proposals, the award of the contract, and the contract, with the bond of the contractors, the first, second, and final estimates, and second final and corrected estimate, affidavit for precept, the precept appealed from, and the appeal bond. It is objected to it that there appears some inconsistency in the amounts of the first and the second or amended final estimates. As the second is professedly a correction of the first final estimate, we do not see the force of the fact, if it be true, that the amounts are not the same in the two, either in detail or in the aggregate.

The first paragraph of the answer alleges that the defendant was, at the commencement of the proceedings, and still

is, a married woman, living with, and supported by, her husband. The brief for appellant, with reference to this paragraph, says: "Where legal disabilities are involved, the individuality of a woman during coverture is suspended.   2 Kent Com. 181.

"This principle in our law is modified only so far as a strict construction of our statutes upon the subject will allow.   In all other cases the husband must be joined with his wife, but the wife may answer separately concerning her real estate.   2 G. & H. 41, sec. 7.

"The charter of cities does not change the rule of proceedings as to husband and wife.   In all proceedings to enforce a contract or liability, in which the interest of the wife is included, she and her husband are necessary parties, and should be before the court even in a proceeding *in rem.*"

We do not perceive the force of this reasoning.   If the position contended for is, that the husband should have been joined in the proceeding and named in the estimates and assessment with his wife, we think it cannot be sustained. If the wife see proper to unite her husband with her in the appeal, we see no objection to this course.   But omitting to do so, she should not complain that he is not a party with her.   If it is intended, as the answer seems to import, that the wife is not liable to pay, nor her real estate subject to sale for the amount of such assessments, we think the position is untenable.

Coverture is no reason why real estate belonging to a person under such disability should not be assessed for its share of street improvements.   The liability to contribute to such improvements is general as to all property holders.   The statute makes no exception in favor of married women.

As to the other paragraphs of the answer, we are of the opinion that they put in issue nothing not put in issue by the general denial of the complaint.   It is conceded by counsel for the appellant that she cannot, by pleading, present and try any question of fact which arose prior to the making of the contract for the improvement.   We think that under the

Ball *v.* Balfe *et al.*

general denial the contractor must prove that the proceedings of the officers, subsequent to the order directing the work to be done, have been regular; that a contract was made; that the work has been done, in whole or in part, according to the contract, and that the estimate has been properly made thereon. 3 Ind. Stat. 101, sec. 71.

If, as alleged in the third paragraph of the answer, work was done not authorized by the council, and the cost of it was improperly included in the estimate and assessment; if, as stated in the fourth paragraph of the answer, the work was not done according to the contract; if the plaintiffs and the engineer, without authority from the council, changed the grade of the street; and if the costs of this unauthorized work was included in the estimate and assessment; or if, as alleged in the fifth and sixth paragraphs, work was done outside of the limits of the street, and the cost of such work was included in the estimate, all these facts might have been shown, so far as they were proper to be proved, under the general denial. They tended directly to show that the proceedings of the officers were irregular, that the work was not done according to contract, and that the estimate and assessment were not properly made. It seems to us that no good purpose will be accomplished by allowing unnecessary special pleading in these cases.

We are next to consider the questions presented by the motion for a new trial and the error assigned thereon. The grounds specified in the motion for a new trial are, first, the verdict is contrary to law; second, the verdict is not sustained by the evidence; third, error of law occurring at the trial, and excepted to at the time, first, by the court's admitting evidence to go to the jury that should have been rejected; second, by the court's excluding evidence offered by the defendant that should have been given to the jury on the trial.

We see no reason why the verdict is contrary to law.

We have examined the evidence, and think the plaintiffs introduced all the evidence, documentary and oral, necessary to justify the verdict.

The motion for a new trial should have specified the evidence which it is claimed was improperly admitted or rejected. It should name the document or the witness and the part of his testimony which was improperly received or disallowed.

The judgment is affirmed, with costs.*

*W. C. L. Taylor* and *E. A. Greenlee*, for appellant.

*J. R. Coffroth* and *T. B. Ward*, for appellees.

*Petition for a rehearing overruled.