No. 7958.

RICHARDSON *v.* THE EAGLE MACHINE WORKS.

MASTER AND SERVANT.—*Contract.*—*Rescission.*—Where a servant, hired for a definite period, is wrongfully discharged before the time expires, he may treat the contract as continuing on his part, and recover damages for its breach by the discharge, or he may rescind and recover only for wages actually earned.

SAME.—*Former Adjudication.*—Where, in such case, the servant treats the contract as continuing, and by suit recovers an amount equal to the stipulated wages until the commencement of the suit, the judgment bars a subsequent suit for damages for breach of the contract, or for further wages.

From the Marion Superior Court.

*C. P. Jacobs,* for appellant.

*A. C. Harris,* for appellee.

NIBLACK, J.—Suit by George O. Richardson against the Eagle Machine Works.

The complaint stated that, on the 1st day of February, 1876, the defendant employed the plaintiff as travelling salesman and agent for the term of one year, and agreed to pay him $125 per month, or $1,500 per annum ; that the plaintiff entered upon such employment and continued in the service of

the defendant until the 31st day of October, 1876, at which time the defendant, without proper cause, discharged him from its service and refused to pay him his proper wages from and after that date; that afterward, on the 20th day of December, 1876, the plaintiff, having endeavored and failed to obtain employment elsewhere, brought an action against the defendant for the sum of $192 for the unpaid balance of his salary up to the 31st day of October, 1876, and for the further sum of $250 for wages due the plaintiff for the month of November and for a part of December, in the year 1876, the time which had elapsed after his discharge as above stated; that in that action the defendant claimed that the plaintiff was not employed by the year, but that under the contract of employment it had the right to dismiss and discharge him at the end of any month, and that it did, in the exercise of that right, accordingly discharge him from its service on said 31st day of October, 1876; that the question as to the terms of said contract was properly put in issue by the pleadings in that action, and the jury which tried the cause found all the issues in favor of the plaintiff; that the jury were so limited by the instructions of the court that they did not allow the plaintiff his salary later than the 20th day of December, 1876, the day on which that action was commenced; that after the 20th day of December, 1876, and up to the 1st day of February, 1877, the plaintiff endeavored to obtain employment elsewhere but wholly failed, being compelled to remain idle during that entire period of time; that he was ready and willing during all that time to serve the defendant under his said contract of employment, but the defendant refused to accept his services or to pay him for the time he was so compelled to remain idle by reason of its misconduct in discharging him from its service, for which he was entitled to compensation at the rate of $125 per month; that the plaintiff expended the sum of $50 in endeavoring to obtain employment elsewhere than with the defendant. Wherefore the plaintiff demanded damages in the sum of $217, and general relief.

A demurrer to the complaint was overruled, and upon a trial at special term there was a verdict and judgment for the plaintiff. Upon an appeal to the general term, the complaint was held to be insufficient and the judgment at special term reversed.

Error is assigned here upon the proceedings at general term.

Considerable uncertainty existed at one time as to the proper remedy upon the breach of a simple contract for labor for a specified time, or in some specific undertaking. But we think it may be safely inferred from the recently decided cases, that, where a servant has been wrongfully discharged before the conclusion of his term, he may, in addition to his right to recover for wages already earned, treat the contract of hiring as continuing on his part, and sue for damages for the breach by the master, or he may rescind the contract and recover the value of his services actually rendered.

It was formerly held, that where, in such a case, the servant treated the contract as continuing in force, he might recover what was denominated constructive wages for the remainder of his term; but what might then have been denominated constructive wages is now included under the general head of damages resulting from the master's breach of the contract of employment. *Ricks* v. *Yates,* 5 Ind. 115; *Moody* v. *Leverich,* 4 Daly, 401; *Gandell* v. *Pontigny,* 4 Campbell, 374.

The amount sued for and recovered in the former action as wages for November and a part of December, 1876, was, therefore, in legal contemplation, damages, and not in any proper sense wages.

The plaintiff having brought and prosecuted to final judgment one action for the defendant's breach of the contract sued on in this case, his remedy for that breach is exhausted. A party is not permitted to split up his cause of action and bring two suits for the same breach of a contract, where, as in this case, full damages might have been demanded and recovered in the first action. *Crosby* v. *Jeroloman,* 37 Ind. 264.

The court below in general term consequently committed no error in reversing the judgment at special term.

The judgment is affirmed, with costs.

Opinion filed at May term, 1881.

Petition for a rehearing overruled at November term, 1881.