## T. J. Moss Tie Company *v.* Huff.

[No. 4,623.    Filed February 19, 1904.]

APPEAL AND ERROR. — *Instructions.* — *Record.*—In order to make instructions a part of the record under §544 Burns 1901 they must be filed.  *p. 467.*

EVIDENCE.—*Custom.*—In an action to recover the purchase price of railroad ties delivered by plaintiff to defendant a witness for defendant testified that he bought ties from other people than plaintiff and that he inspected them before he bought them, the same as he did with plaintiff.  He was then asked, "That was the custom, was it not?"  *Held,* that his answer thereto was properly stricken out.  *pp. 467, 468.*

APPEAL AND ERROR.—*Evidence.*—*Objection.*—*Exception.*—*Offer to Prove.* —No question is presented on appeal upon the ruling of the court in sustaining an objection to a question where no offer to prove was made before the objection to the question was sustained.  *p. 468.*

From Vanderburgh Circuit Court, *H. A. Mattison,* Judge.

Action by Henry A. Huff against the T. J. Moss Tie Company.  From a judgment for plaintiff, defendant appeals.  *Affirmed.*

*J. T. Walker,* for appellant.
*E. C. Henning* and *William Henning,* for appellee.

COMSTOCK, J.—Appellee brought this action against appellant to recover an amount claimed to be due him from appellant on account of the purchase for and delivery to the appellant of cross-ties at prices and on terms set out in the complaint.  The complaint was in five paragraphs. Appellant answered the complaint by general denial and plea of payment.  Appellant also filed a cross-complaint in

Moss Tie Co. *v.* Huff.

four paragraphs, upon which issue was formed by general denial. No question is raised upon the pleadings, and further statement of them is not necessary. The jury returned a verdict in favor of appellee for $1,402.57. He remitted $648.23, and thereupon judgment was rendered in the sum of $754.34.

Overruling appellant's motion for a new trial is assigned as error. In support of the motion it is urged that the evidence is not sufficient to sustain the verdict. In passing upon this reason for a new trial it is enough to say that there is evidence fairly tending to sustain the verdict, and to refer to the rule that appellate courts will not weigh the evidence upon appeal.

Appellant insists that the court erred in giving to the jury instructions four and six, and each of them. Appellee contends that the questions attempted to be raised upon these instructions can not be considered because the instructions are not properly in the record. Instructions may be made a part of the record in three ways: (1) By order of court; (2) by bill of exceptions; (3) under §§543, 544 Burns 1901, §§534, 535 Horner 1901. In the case at bar they are not made a part of the record by order of court nor by bill of exceptions. An attempt is made to make them a part of the record under said sections of the statute. It does not appear that the instructions were filed. They are not therefore a part of the record. *Ayres* v. *Blevins,* 28 Ind. App. 101; *Krom* v. *Vermillion,* 143 Ind. 75.

W. S. James, a witness for appellant, upon direct examination testified that he bought ties from other people than the appellee, and that he inspected them before he bought them, the same as he did with Mr. Huff. The question was then put: "That was the custom was it not?" Upon motion of plaintiff his answer was stricken out. The dealings of parties hereto were a matter of contract. The custom of the witness was immaterial.

Appellant asked its own witness the following question (witness had testified that he was a representative of the Cincinnati Cooperage Company): "Now, supposing the price which Mr. Huff received was thirty and thirty-five cents for firsts, and fifteen and seventeen cents for seconds, what would that indicate as to the place of delivery?" Appellant asked its own witness, who had previously testified as to his knowledge of the manner in which appellee had gotten out the ties in question, and his condition in relation thereto, the following question: "You may tell the jury whether that treatment of the ties was a careful, proper, and prudent way of handling them?" Appellant also propounded to Mr. Burten, one of the witnesses, a practical tie man, who was familiar with the work of getting the ties off the land upon which the appellee was working, the following question: "From the time you took charge of the work until the expiration of the contract, tell the court and jury whether it would have been possible to get off those ties?" Appellant claims the question was proper because Huff claimed he would have gotten the ties off, and asks commission for that reason; that he had delayed until the company found it necessary to send Burten to take charge of the work. In these various rulings there was no error. But, if the court had erred, no question is raised, because the record shows that no offer to prove was made before the objection to the question had been sustained. *Pittsburgh, etc., R. Co.* v. *Martin,* 157 Ind. 216.

Judgment affirmed.