### WATTS *v.* GEISEL.

[No. 14,910.   Filed March 7, 1935.]

*Moore, Long & Johnson, Leonard W. Felker,* and *Hanley & Hanley,* for appellant.

*Earl Heffner,* and *Alex Pendleton,* for appellee.

DUDINE, P. J.—Appellee sued appellant for services rendered under and pursuant to an alleged contract.

The complaint consisted of two paragraphs. Appellant filed an answer in two paragraphs, viz., general denial and payment, and appellee filed a reply in general denial.

The cause was tried by the court without a jury, and the court found for appellant on the first paragraph of complaint and for appellee on the second paragraph of complaint, that the appellee was "entitled to recover

$1075.50 on the contract sued upon," and rendered judgment accordingly.

Appellant seasonably filed a motion for new trial, the overruling of which is assigned as the sole error relied upon for reversal.

Appellant's motion for new trial contains fifteen grounds. Grounds numbered one to thirteen inclusive are based on the rejection and admission of evidence. Ground numbered fourteen is that the decision is not sustained by sufficient evidence. Ground numbered fifteen is that the decision is contrary to law.

The second paragraph of complaint, which will hereinafter be referred to as the complaint, alleged that on or about the 12th day of February, 1927, appellant and appellee entered into a "mutual" oral agreement whereby appellee was to render service for appellant as a physician and surgeon, and appellant was to pay appellee a "salary of Six Hundred ($600.00) Dollars per month for a period of one (1) year and in addition thereto as additional salary, if said plaintiff (appellee) stayed in the employ as such physician and surgeon for the entire year said defendant agreed to pay at the expiration of said year a further sum of Twelve Hundred ($1200.00) Dollars . . ."

That pursuant to said agreement appellee did render said service continually during said year.

That five or six weeks before the end of said year appellee demanded an increase in salary for the new year beginning February 12, 1928, but appellant did not give appellee "any answer as to whether or not he would increase plaintiff's (appellee's) salary for the year 1928," that on or about the 1st day of February, 1928, appellee told appellant he would not continue in appellant's service at the expiration of the year ending February 12, 1928, and appellant immediately notified appellee that he "need not wait until the end of his

year, but that he could leave his service immediately."

The complaint further alleged that appellee stood ready to perform his duties under the contract for the balance of the year, and that appellant paid the $600.00 monthly salarly but did not pay the additional $1200.00 salary due appellee at the end of the year.

The evidence of appellee follows the allegations of said complaint very closely. His testimony supports every allegation of the complaint referred to herein. There is also evidence in the record showing that after he was discharged appellee received payments from patients for medicine and medical services delivered and rendered by him while he was in the employ of appellant which payments belonged to appellant. There is also evidence in the record which shows that appellant was well pleased with appellee's services up to the time he discharged him.

Grounds for new trial numbered one, two, three, six, seven, and eight were based on the admission of oral evidence. In each of said grounds appellant shows that appellee asked certain witnesses certain questions, that appellant objected to the questions, and that the court overruled appellant's objections, but in none of said grounds does appellant show that any of said witnesses answered any of said questions. Having failed to show in any of said grounds that any of said witnesses answered any of said questions, and having failed to show in any of said grounds what their answers were, said grounds failed to show that any evidence was admitted over said objections, and hence do not present any question for review by this court. *Ball* v. *Balfe* (1872), 41 Ind. 221; *McClain* v. *Jessup* (1881), 76 Ind. 120; *Conrad* v. *Hansen* (1908), 171 Ind. 43, 85 N. E. 710.

Grounds for new trial numbered four, five, and thirteen are based on rejection of oral evidence offered by

appellant. We deem it unnecessary to discuss said grounds except to say that the evidence referred to in those grouds was immaterial to the issues presented by the pleadings and that the court did not err in rejecting it.

Ground for new trial numbered twelve is based on rejection of oral evidence. Appellant shows in said ground that he asked a certain witness a certain question; that appellee objected to the question; and that the court sustained appellee's objection, but appellant does not show in said ground that he made an "offer to prove" or told the court what the witness would have testified in answer to the question if he had been permitted to answer it. Having failed to incorporate such "offer to prove" in the ground, it does not present a question for review by this court. *Moss Tie Co.* v. *Huff* (1904), 32 Ind. App. 466, 70 N. E. 86; *Neff* v. *Metropolitan Ins. Co.* (1906), 39 Ind. App. 250, 73 N. E. 1041; *Ball* v. *Balfe, supra.* Ground number five *supra* is subject to the same criticism.

Grounds for new trial numbered nine, ten, and eleven are based on the court's admission of "plaintiff's" exhibits numbered twenty-two and twenty-four in evidence and upon the court's overruling appellant's motion to strike each of said exhibits from the evidence.

Plaintiff's exhibit number twenty-four is a carbon copy of a letter dated October 2, 1930, written by appellee's attorney to appellant which stated appellee's claim, and admitted that appellee had collected "a few dollars" due appellant and that appellee would give appellant credit therefor "upon a final settlement" of appellee's claim, and it asked for a reply.

Plaintiff's exhibit number twenty-two was a letter dated October 10, 1930, written by appellant's attorney to appellee's said attorney which stated that appellant

had handed him (the writer) said letter of October 2nd for reply, and it stated appellant's "position" with reference to appellee's claim.

Appellant contends that said exhibit numbered twenty-four, being a carbon copy, and no proof having been made that the original thereof was lost or destroyed, and no notice having been given to appellant to produce the original, the admission thereof constituted reversible error.

A carbon copy of a written instrument, in the absence of proof that it is not a true copy, is primary evidence, and is admissible as such. *Federal Union Surety Co.* v. *Ind. etc., Mfg. Co.* (1911), 176 Ind. 328, 95 N. E. 1104; *Pittsburgh etc., R. Co.* v. *Brown* (1912), 178 Ind. 11, 97 N. E. 145. In this case the correctness of said copy was not challenged.

Appellant also contends that said exhibits were inadmissible because they were written "for the purpose of compromising a disputed claim." Neither of said letters shows on its face that it was written for the purpose of compromising the claim. Neither letter shows an acknowledgement by either party as to any indebtedness to the other. On the contrary said exhibit twenty-four shows that appellee considered appellant indebted to him and said exhibit twenty-two showed that appellant specifically denied such indebtedness.

Furthermore, in none of said grounds numbered nine, ten, or eleven did appellant set forth the exhibit referred to, or the substance thereof, the introduction of which in evidence, he objected to, and for that reason none of said grounds present a question for review by this court. *Ball* v. *Balfe, supra.*

Appellant states other contentions with reference to the admission of said exhibits which do not merit a

discussion herein. We deem it sufficient to say we have considered all of said contentions, and that it is our opinion that the court did not commit reversible error in admitting said exhibits in evidence.

Appellant contends the decision is contrary to law, because "under the theory of appellee's complaint and the evidence, there is no law by which appellee was entitled to recover."

In *Richardson* v. *The Eagle Machine Works* (1881), 78 Ind. 422, 424, our Supreme Court said:

> "Considerable uncertainty existed at one time as to the proper remedy upon the breach of a simple contract for labor for a specified time, or in some specific undertaking. But we think it may safely be inferred from the recently decided cases, that, where a servant has been wrongfully discharged before the conclusion of his term, he may, in addition to his right to recover for wages already earned, treat the contract of hiring as continuing on his part, and sue for damages for the breach by the master, or he may rescind the contract and recover the value of his services actually rendered."

That statement of law was upheld by this court in *Pennsylvania Co.* v. *Good* (1914), 56 Ind. App. 562, 103 N. E. 672. See 18 R. C. L. Sec. 37 p. 525 (also note 17). We have not found any decision by the courts of review of this state wherein said holding has been overruled or changed.

The cause alleged in the second paragraph of complaint is clearly such a cause as was recognized by our Supreme Court in *Richardson* v. *The Eagle Machine Works, supra,* and the cause has been sufficiently proven to sustain the decision of the court.

Appellant further contends that the theory of the complaint and the evidence is one of "constructive service," and that the doctrine of "constructive service," has been rejected and therefore appellee can not recover, and cites *Richardson* v. *The Eagle Machine Works,*

*supra*, among a long list of foreign authorities in support of said contention. The theory of the complaint is clearly one of a breach of a contract of employment for a specific salary, for a specific term by the employer wrongfully discharging the employee before the conclusion of the term of employment.

In *Richardson* v. *The Eagle Machine Works*, *supra*, immediately following the excerpt which we have quoted above, the Supreme Court said (p. 424):

"It was formerly held, that where, in such a case, the servant treated the contract as continuing in force, he might recover what was denominated constructive wages for the remainder of his term; but what might then have been denominated constructive wages is now included under the general head of damages resulting from the master's breach of the contract of employment."

It is apparent that said case instead of supporting appellant's said contention, is authority for holding to the contrary, that said decision is not contrary to law. See 18 R. C. L. 525 (Sec. 37 note 17).

No reversible error having been shown, the judgment is affirmed.

Curtis, J., not participating.