**Vernon L. HAAG, Plaintiff-Appellant,**

**v.**

**INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION, a Maryland corporation, Defendant-Appellee.**

**No. 14134.**

United States Court of Appeals
Seventh Circuit.

Nov. 12, 1963.

J. A. Bruggeman, Otto E. Grant, Jr., Barrett, Barrett & McNagny, Fort Wayne, Ind., for plaintiff-appellant.

Thomas W. Yoder, of Campbell, Livingston, Dildine & Haynie, Fort Wayne, Ind., for defendant-appellee.

Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Vernon L. Haag, plaintiff-appellant, commenced this action against International Telephone and Telegraph Corporation, defendant-appellee, in the Superior Court of Allen County, Indiana, for recovery of $60,000.00 [1] in damages. On the petition of the defendant the action was removed to the District Court on the basis of diversity of citizenship of the parties.

As originally filed plaintiff's complaint consisted of two paragraphs or counts. The first paragraph sought damages for defendant's alleged breach of a stock purchase option; the second paragraph sought recovery of salary allegedly due. In the District Court a third and a fourth paragraph were added to the complaint. The third paragraph seeks damages for defendant's alleged wrongful discharge of plaintiff from its employment without cause and with the intent and purpose of preventing him from exercising the stock purchase option. The fourth paragraph, which in other respects is the same as the third, adds allegations that the defendant's Bonus and Stock Committee's determination that plaintiff's employment had been terminated before the lapse of two years after the grant of the option is void and of no effect because made without giving plaintiff an opportunity to be heard and present evidence and because, in order to defraud plaintiff, the committee did not consider or find the facts regarding an alleged oral contract of employment for a period of ninety days, made on or about June 22, 1959, and apply the pertinent law thereto.

Defendant's answer, among other things, denied the existence of the alleged oral contract of employment for the ninety day term and pleaded the terms of the option which required two years of continuous employment as a condition precedent to a right to exercise it, and a provision of the stock option incentive plan to which the option was subject that the committee's determination is final with respect to "[a]ny question as to whether and when there has been a cessation of employment".

Defendant's motions [2] for summary judgment were granted and the plaintiff appealed from the final judgment entered for the defendant. The issue precipitated by the appeal is whether the existence of a genuine issue of material fact precluded disposition of the cause by summary judgment.

The pleadings, deposition, answers to interrogatories and request for admissions, and affidavits and exhibits in support of defendant's motions for summary judgment, on which the cause was heard and adjudicated, disclose that a genuine factual issue exists as to whether on June 22, 1959, the plaintiff and the defendant entered into an oral contract for plaintiff's employment for a period of ninety days commencing on that date. If resolution of this factual issue is material to an adjudication of the plaintiff's claim it was error to dispose of the cause by summary judgment. Summary judgment may properly be entered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law but it cannot be invoked to deprive a litigant of the right to a trial if there remains any genuine issue of material fact to be determined. Progress Development Corporation v. Mitchell, 7 Cir., 286 F.2d 222, 234; Hartford Acc. &

---

1. An additional claim for salary allegedly due plaintiff is no longer in the case.

2. Successive motions were made and allowed. The first was addressed to paragraphs one and three of the complaint. The second was directed to paragraph four which had been added subsequent to the ruling on the earlier motion.

Indem. Co. v. Northwest National Bank, 7 Cir., 228 F.2d 391, 395. And, on summary judgment the inferences to be drawn from the underlying facts contained in the admissions, depositions, affidavits and attached exhibits submitted to the court must be viewed in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed. 2d 176.

An examination of the record reveals that on September 11, 1957, the plaintiff was in the employ of the defendant. He did not then have a contract for a fixed term of employment. On that date he was given an option to purchase all or any part of a designated number of shares of defendant's common capital stock at a stated price per share but it was exercisable "only after two years of the Optionee's continued employment with the [defendant] . . . immediately following the date hereof". The option further provided it could be exercised "only during the continuance" of the plaintiff's employment. It was subject to defendant's Stock Option Incentive Plan which, with exceptions not here pertinent, provided such options terminate if and when the optionee ceases to be an employee of defendant. The plan also provided that it shall be administered by defendant's Bonus and Stock Option Committee, and:

> "Any question as to whether and when there has been a cessation of employment * * * shall be determined by the Committee, and its determination of such questions shall be final".

On June 22, 1959, the plaintiff was removed from his position as head of defendant's Fort Wayne, Indiana, plant. There appears to be a dispute as to whether at that time it was agreed the plaintiff was to remain in defendant's employ on a special assignment for the ensuing period of ninety days—effecting a contract for a definite term of employment for such ninety day period—or was to be retained for merely a possible "maximum" period of ninety days.

When plaintiff was discharged on July 28, 1959, he was tendered a lump sum equal to his agreed salary for the balance of the ninety day period. Plaintiff made a stock purchase tender on September 17, 1959, which defendant refused on the basis that he had not completed the necessary two year term of service. Defendant's committee determined that plaintiff's employment with the defendant ceased prior to September 10, 1959— the date on which he could have first qualified to exercise his option.

The plaintiff contends he had a valid and binding oral contract of employment for a definite term ending September 20, 1959, which would have permitted him to qualify for exercise of his option, but the defendant wrongfully and without just cause breached the employment agreement. He contends his discharge was wrongful and the defendant could not discharge him without cause during the ninety day period for the purpose of avoiding its obligation to him under the stock purchase option without becoming liable to respond in damages commensurate with the loss plaintiff sustained as the result of defendant's wrongful action.

The defendant contends plaintiff's rights are governed solely by the terms and conditions of the option and plan, and its committee's determination that plaintiff's employment ceased on a date prior to the expiration of the two year period required to qualify him to exercise the option, which determination is endowed with finality by the plan, not only forecloses plaintiff's right to purchase the stock in the amount and for the price provided in the option but also precludes him from maintaining an action to recover damages for an alleged wrongful discharge made for the purpose of depriving him of that benefit.

It is admitted the plaintiff was discharged, whether rightfully or wrongfully, on July 28, 1959. His employment with the defendant ceased on that date. In view of this we perceive no basis for his complaint that he was not given an opportunity to appear before the committee to be heard and to present evidence.

Nor do his allegations that the committee failed to extend its consideration, findings or conclusions beyond those necessary to a determination of whether or not his employment ceased prior to his becoming eligible to exercise his option support his further allegation, made as an ultimate conclusion, that the committee was motivated by a fraudulent purpose. We do not construe the authority vested in the committee as extending beyond resolution of a question "as to whether and when there has been a cessation of employment". Certainly, it does not extend to a determination as to whether the defendant has rightfully or wrongfully discharged an employee or to making a policy determination for the defendant that it should waive the terms of the option and permit its exercise in a case of wrongful discharge in order to avoid possible liability to respond in damages.

Unlike the plan involved in Burgess v. First National Bank, 219 App.Div. 361, 220 N.Y.S. 134, relied upon by defendant as foreclosing the plaintiff's right to maintain his action for damages attributable to loss of the stock purchase, the stock option plan here involved does not, as did the pension plan in Burgess, authorize the committee to decide with finality "all questions of interpretation and application of the plan, the designation of employees entitled to participation in the benefits and the forfeiture of such benefits". Nor is McNevin v. Solvay Process Co., 32 App.Div. 610, 53 N.Y.S. 98, aff'd 167 N.Y. 530, 60 N.E. 1115, also relied upon by defendant, apposite here. The plan there involved authorized the defendant's trustees "to decide all questions concerning the rights of the employees in the [pension] fund without appeal". Menke v. Thompson, 8 Cir., 140 F.2d 786, cited by the defendant, involved a pension plan administered by a board given "exclusive" and "conclusive power to decide the eligibility of applicants" and making its decisions "conclusive on all parties".[3]

■ We do, however, agree with the plaintiff that if, in fact, on and after June 22, 1959, he had a contract of employment with the defendant for a fixed and definite term embracing the ninety day period ending September 20, 1959, as he alleges and claims he did, and if his discharge on July 28, 1959, was without just cause and for the purpose of depriving him of attaining the right to exercise his stock purchase option, the defendant is liable for such damages as may have been occasioned thereby.

And this is so both under the law of New Jersey where the oral agreement of June 22, 1959, was made and under the law of Indiana, the forum of plaintiff's action and the place of his employment.

In Gaines v. Monroe Calculating Machine Company, Inc., 78 N.J.Super. 168, 188 A.2d 179, where the employee was promised a five year term of employment as an incidental assurance that a stock purchase option given him would not lapse and the option agreement provided that if the employee's services were terminated "voluntarily or involuntarily" within five years from the date of his employment the seller might repurchase the right acquired by the employee under the option at a stipulated price, in which event the repurchase feature operated to make the option of little value to the employee, it was held that a discharge without cause prior to expiration of the five year period, especially one made in bad faith for the purpose of destroying the employee's rights in the option, did not permit termination of the option under the repurchase provision. The court reversed a summary judgment entered for the defendants in the employee's action to enforce his option rights. It held the judgment was erroneously based on the premise that defendants had the right to discharge the employee at any time.

In Watts v. Geisel, 100 Ind.App. 92, 194 N.E. 502, the plaintiff was employed by the defendant to serve for a period of one year. He was to receive a bonus if

3. Moreover, Burgess, McNevin and Menke all concerned employee benefits which on the facts involved were held to constitute mere gratuities.

he remained in the employment for the entire year. After serving all but a few weeks of the required term of employment his services terminated under circumstances held to constitute a discharge without cause. The plaintiff was permitted to recover the bonus.

In Montgomery Ward & Co., Inc. v. Guignet, 112 Ind.App. 661, 45 N.E.2d 337, relied upon by defendant, there was no proof establishing that the employment was for a definite term. The employee was not permitted to recover a bonus for which continuous service in the employment for the entire fiscal year was required. He had been discharged without cause two months before completion of the service required. But in Guignet it is recognized that there are cases applying a contrary rule where the employment is for a fixed term and the employee is wrongfully discharged before its termination. The court pointed out:

> "It will be noted, however, from a study of these authorities that recovery of a proportionate part of the bonus promised is permitted generally in those cases growing out of a wrongful discharge of the employee during the specified term, * *."

In Hablas v. Armour & Company, 8 Cir., 270 F.2d 71, also relied upon by defendant, there was no fixed term of employment involved.

The claim or cause of action asserted under the third paragraph of plaintiff's complaint is one for breach of a contract for a definite term of employment by an alleged wrongful discharge made without cause and for the alleged purpose of depriving plaintiff of a right which otherwise would have accrued to him. It is not founded upon an alleged breach of the terms of the stock purchase option. The loss of the option right is but the element on which the damages claimed are based.

We have considered all of the additional authorities cited and relied upon by the defendant but we find none of them controlling on the issue presented by plaintiff's appeal.

It is apparent under the law which is pertinent that whether plaintiff had a contract of employment for the ninety day term ending September 20, 1959, as he alleges and the defendant denies, is a genuine issue of a material fact which precludes disposition of the action by summary judgment. The District Court erred in granting the defendant's motion for summary judgment on the third paragraph of plaintiff's complaint.

The judgment order of the District Court is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.